DECISION AND JOURNAL ENTRY
{¶ 1} Appellant, Eva McDaniels, appeals from her conviction in the Akron Municipal Court for telephone harassment. We affirm.
 I. {¶ 2} On April 25, 2003, the city of Akron ("City") filed a complaint against Ms. McDaniels charging her with telephone harassment, in violation of R.C. 2917.21(B). A jury trial followed. Ms. McDaniels moved for an acquittal pursuant to Crim.R. 29(A), and the trial court denied her motion. After the jury returned its verdict, which found Mc. McDaniels guilty of telephone harassment, Ms. McDaniels moved for an acquittal pursuant to Crim.R. 29(C); the trial court denied this motion. Thereafter, the trial court sentenced her accordingly. Ms. McDaniels timely appeals, and raises two assignments of error for review. As Ms. McDaniels' assignments of error involve similar issues of law and fact, we will address them together.
 II. First Assignment of Error
"The trial court erred when it denied Ms. McDaniels' Crim.R. 29 motions for acquittal. the [city] failed to present sufficient evidence, as a matter of law, to convict ms. McDaniels of telephone harassment, in violation of her due process rights under the fourteenth amendment of the consitution [sic.] of the united states and under art. I, § 10 of the constitution of the state of ohio. specifically, the [city] failed to prove beyond a reasonable doubt that Ms. McDaniels made the telephone call with the intent to abuse, annoy, threaten, or harass another person."
 Second Assignment of Error
"The judgment of the trial court was against the manifest weight of the evidence because the greater weight of the evidence shows that Ms. McDaniels did not make the telephone call with the intent to abuse, annoy, threaten or harass another person."
 {¶ 3} In her first and second assignments of error, Ms. McDaniels challenges the adequacy of the evidence produced at trial. Specifically, Ms. McDaniels avers that her conviction for telephone harassment was based on insufficient evidence and was against the manifest weight of the evidence, as the City failed to prove that Ms. McDaniels made the telephone call with the purpose to abuse, threaten, or harass Marcia Korane. An evaluation of the weight of the evidence, however, is dispositive of both issues in this case. Ms. McDaniels' assignments of error lack merit.
 {¶ 4} As a preliminary matter, we note that sufficiency of the evidence produced by the City and weight of the evidence adduced at trial are legally distinct issues. State v.Thompkins (1997), 78 Ohio St.3d 380, 386.
 {¶ 5} Crim.R. 29(A) provides that a trial court "shall order the entry of a judgment of acquittal * * * if the evidence is insufficient to sustain a conviction of such offense or offenses." A trial court may not grant an acquittal by authority of Crim.R. 29(A) if the record demonstrates that reasonable minds can reach different conclusions as to whether each material element of a crime has been proven beyond a reasonable doubt.State v. Wolfe (1988), 51 Ohio App.3d 215, 216. In making this determination, all evidence must be construed in a light most favorable to the prosecution. Id. "In essence, sufficiency is a test of adequacy." Thompkins, 78 Ohio St.3d at 386. The standard that applies to Crim.R. 29(A) motions also applies to Crim.R. 29(C) motions. See State v. Huffman (1987),38 Ohio App.3d 84, 87.
 {¶ 6} "While the test for sufficiency requires a determination of whether the [City] has met its burden of production at trial, a manifest weight challenge questions whether the [City] has met its burden of persuasion." State v.Gulley (Mar. 15, 2000), 9th Dist. No. 19600, citing Thompkins,78 Ohio St.3d at 390 (Cook, J., concurring). When a defendant asserts that his conviction is against the manifest weight of the evidence,
"an appellate court must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." State v. Otten (1986),33 Ohio App.3d 339, 340.
 {¶ 7} This discretionary power should be invoked only in extraordinary circumstances when the evidence presented weighs heavily in favor of the defendant. Id.
"Because sufficiency is required to take a case to the jury, a finding that a conviction is supported by the weight of the evidence must necessarily include a finding of sufficiency. Thus, a determination that [a] conviction is supported by the weight of the evidence will also be dispositive of the issue of sufficiency." (Emphasis omitted.) State v. Roberts (Sept. 17, 1997), 9th Dist. No. 96CA006462.
 {¶ 8} Ms. McDaniels was found guilty of telephone harassment, in violation of R.C. 2917.21(B). R.C. 2917.21(B) provides, in relevant part, that "[n]o person shall make or cause to be made a telecommunication * * * with purpose to abuse, threaten, or harass another person." "A person acts purposely when it is his specific intention to cause a certain result, or, when the gist of the offense is a prohibition against conduct of a certain nature, regardless of what the offender intends to accomplish thereby, it is his specific intention to engage in conduct of that nature." R.C. 2901.22(A).
 {¶ 9} At trial, Marcia Korane ("Korane"), the victim, testified that she works as a social worker for the Summit County Children Services Board ("CSB"). Korane further testified that CSB has custody of one of Ms. McDaniels' children, and that she was involved in that case. She stated that Ms. McDaniels had complained to her on previous occasions and that Ms. McDaniels expressed her frustration with CSB. Korane then asserted that she received a voicemail message from Ms. McDaniels on March 20, 2003. She testified that Ms. McDaniels identified herself in the message, and that Ms. McDaniels stated in the message that "[Korane] will pay, [her] family will pay, [her] children will pay, [her] husband will pay, and anything connected to [her] * * * will pay." Korane described the message as "threatening in nature," and related that she felt threatened by the message because Ms. McDaniels was unpredictable in nature.
 {¶ 10} Kendall Boyd ("Boyd") testified that he works as a law clerk at the City's Prosecutor's Office. Boyd then testified that he spoke with Korane when she filed a complaint against Ms. McDaniels. He explained that a hearing was scheduled, as more facts and evidence were needed before Ms. McDaniels could be charged with an offense. Boyd stated that at the hearing, Ms. McDaniels asserted that "she did not intend [the message] as a threat[;]" rather, she wanted to inform Korane that "she was sick and tired of whatever was going on[.]"
 {¶ 11} During the trial, the City introduced into evidence a taped recording of the voicemail message and a transcript of the voicemail message. In pertinent part, the message stated:
"[Korane], this is [Ms.] McDaniel[s]. * * * I am not playing your game any more, and the court's game anymore. I am taking things into my own hands. I am going to do what is necessary to get you people out of my life and keep you out of there. * * * And like I said, I am going to do what is necessary to get rid of all of y'all, you, the courts, and all of y'all. * * * You are going to pay for it, you are going to pay for it with your life, your children, your husband, and with everything that connect you, [CSB], and the medical professionals. Y'all are going to pay. Now you can call the police `now' and tell them that I threatened, I said that you are going to pay. You hear me! People like you don't get away with this stuff never[.]"
 {¶ 12} After a thorough review of the record, we cannot conclude that the trier of fact lost its way and created a manifest miscarriage of justice when it convicted Ms. McDaniels of telephone harassment. Consequently, we also conclude that Ms. McDaniels' assertion that the City did not produce sufficient evidence to support the conviction is also without merit. Accordingly, Ms. McDaniels' first and second assignments of error are overruled.
 III. {¶ 13} Ms. McDaniels' assignments of error are overruled. The conviction in the Akron Municipal Court is affirmed.
Judgment affirmed.
Carr, P.J., Whitmore, J., concur.