DECISION AND JOURNAL ENTRY
{¶ 1} Defendant-Appellant, Crystal Miller, appeals from her conviction in the Wayne County Municipal Court. This Court affirms.
 I {¶ 2} On November 16, 2007, Miller and her friend, Lisa Osborne, visited the Verizon Wireless store on Burbank Road. The store contained several demonstration phones, which are activated cellular phones that allow customers to test a phone's features. Store employees witnessed Miller and Osborne standing near the store's demonstration phones. One of the employees then saw Miller use the phone as if to send a text message. The police were notified after a store employee confronted Miller about the use of the phone and Miller caused a scene.
 {¶ 3} Bailey Duncan, the sister of one of the Verizon Wireless store employees, received four text messages on November 16, 2007 within approximately fifty minutes. The four text messages emanated from two separate phone numbers and consisted of the following *Page 2 
messages: (1) "n****r lover"; (2) "n****r"; (3) "n****r loving c**t"; and (4) "n****r loving whore." After an investigation, police traced the text messages Duncan received to two of the demonstration phones at the Verizon Wireless store on Burbank Road.
 {¶ 4} On February 6, 2008, a complaint was filed against Miller for the crime of telecommunications harassment pursuant to R.C. 2917.21(B). The court held a bench trial in the matter and found Miller guilty. The court sentenced Miller to community service, a fine, and probation. Miller now appeals from her conviction and raises one assignment of error for our review.
 II Assignment of Error "THE TRIAL COURT ERRED WHEN IT DENIED APPELLANT'S CRIMINAL RULE 29 MOTION FOR ACQUITTAL AND ENTERED A FINDING OF GUILT AGAINST APPELLANT FOR ONE COUNT OF VIOLATING 2917.21(B) OF THE REVISED CODE, TELECOMMUNICATIONS HARASSMENT."
 {¶ 5} In her sole assignment of error, Miller argues that her conviction for telecommunications harassment is based on insufficient evidence. We disagree.
 {¶ 6} "We must determine, as a matter of law, whether the evidence was legally sufficient to support a conviction." State v. Moneypenny, 9th Dist. No. 03CA0061, 2004-Ohio-4060, at ¶ 10, citing State v.Leggett (Oct. 29, 1997), 9th Dist. No. 18303, at *2.
 "An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." State v. Smith, 9th Dist. No. 23288, 2007-Ohio-1680, at ¶ 3, quoting State v. Galloway (Jan. 31, 2001), 9th Dist. No. 19752, at *3. *Page 3 
"In essence, sufficiency is a test of adequacy." State v.Thompkins (1997), 78 Ohio St.3d 380, 386.
 {¶ 7} R.C. 2917.21(B) provides that "[n]o person shall make or cause to be made a telecommunication, or permit a telecommunication to be made from a telecommunications device under the person's control, with purpose to abuse, threaten, or harass another person." "A person acts purposely when it is his specific intention to cause a certain result, or, when the gist of the offense is a prohibition against conduct of a certain nature, regardless of what the offender intends to accomplish thereby, it is his specific intention to engage in conduct of that nature." Akron v. McDaniels, 9th Dist. No. 21661, 2004-Ohio-599, at ¶ 8, quoting R.C. 2901.22(A). A cellular telephone qualifies as a "telecommunications device." R.C. 2913.01(Y).
 {¶ 8} Miller argues that the State failed to prove that she was the person who sent harassing text messages to Duncan. Specifically, Miller argues that the State only produced enough evidence to show that either she or Osborne committed the crime. She further argues that Osborne had the motive to commit the crime because Osborne and Duncan had suffered "some problems" in the past.
 {¶ 9} Ashley Duncan, the victim's sister, testified that she was employed as a retail sales representative at Verizon Wireless on November 16, 2007. Ashley testified that she witnessed Miller and Osborne standing near the store's demonstration phones "for quite a while." After Miller and Osborne walked away from the phones, Ashley inspected them and saw that her sister's telephone number had been entered into one of the phones. Ashley stated that she confronted Miller and told her to stop harassing Duncan. Miller responded by yelling profanities at Ashley in the crowded store. *Page 4 
 {¶ 10} Alissa Johns, another retail sales representative at Verizon Wireless, testified that she also saw Miller and Osborne near the demonstration phones. Johns observed Miller "keying on" one of the phones so as to send a text message. Johns also inspected the store's demonstration phones and discovered that messages had been sent on at least two of the phones.
 {¶ 11} Officer Bill Belcher testified that he responded to a complaint at the Verizon Wireless store on November 16, 2007. In performing his investigation, Officer Belcher discovered that a total of four text messages had been sent from two of the store's demonstration phones during the time that Miller and Osborne were present at the store. Bailey Duncan confirmed that she received a total of four text messages from two separate phone numbers on the day in question. The two incoming phone numbers on Duncan's phone matched the numbers from the two demonstration phones at the Verizon Wireless store.
 {¶ 12} Based on the evidence presented at trial, we cannot conclude that Miller's conviction for telecommunications harassment is based on insufficient evidence. Contrary to Miller's assertion, that the State failed to introduce any evidence that she sent Duncan the harassing text messages, Johns testified that she witnessed Miller "keying on" one of the demonstration phones. All four of the text messages that Duncan received emanated from two phones, one of which was the phone that Johns witnessed Miller "keying on." To the extent that Miller attempts to attack the consistency of the testimony the witnesses gave at trial, her argument goes to weight of the evidence, not the sufficiency of the evidence. See State v. Otten (1986), 33 Ohio App.3d 339, 340 (noting that credibility determinations arise in a manifest weight analysis). The record contains adequate evidence that Miller purposely sent harassing telecommunications to Duncan. Consequently, Miller's sole assignment of error is overruled. *Page 5 
 III {¶ 13} Miller's sole assignment of error is overruled. The judgment of the Wayne County Municipal Court is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Wayne County Municipal Court, County of Wayne, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App. R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App. R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App. R. 30.
Costs taxed to Appellant.
 DICKINSON, P.J. CARR, J. CONCUR *Page 1