[Cite as *State v. Aberegg*, 2012-Ohio-743.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF MEDINA | ) | |

| STATE OF OHIO | C.A. No. 10CA0129-M |
|---|---|
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| JEFFERY ABEREGG | MEDINA MUNICIPAL COURT COUNTY OF MEDINA, OHIO |
| Appellant | CASE No. 10CRB01058 |

DECISION AND JOURNAL ENTRY

Dated: February 27, 2012

WHITMORE, Presiding Judge.

{¶1} Defendant-Appellant, Jeffery Aberegg, appeals from his conviction in the Medina Municipal Court. This Court affirms.

I

{¶2} On Friday, July 2, 2010, Aberegg called Timothy Shema, a community services coordinator at the Medina County Domestic Relations Court. Shema often acted as a liaison between the court and the court's visitation center, a facility where parents could have scheduled, supervised visits with their children. The visitation center was located offsite and open for limited hours three days a week: Sunday, Wednesday, and Friday. Because the visitation center was short-staffed and had a limited schedule, the center required advanced notice of any visitations so that the staff had time to contact the custodial parent and arrange the visit. Aberegg called Shema on July 2nd because he wanted to schedule a visit at the center with his daughter.

**{¶3}** When later testifying to these events, Shema could not recall which day Aberegg wanted to schedule a visit at the center. Shema testified that he was not in charge of scheduling for the center. When a non-custodial parent would call to arrange a visit, Shema typically directed the parent to call the center. Shema only recalled that, whichever day it was that Aberegg wanted to schedule a visit with his daughter, the timeframe was such that there would not be enough time for someone at the visitation center to receive Aberegg's request and schedule the visit on the day he wanted. Shema explained that the staff at the center would not even receive Aberegg's message until the next time the center was open, and would then still have to schedule the actual visit. When Shema informed Aberegg that there was not enough time to schedule a supervised visit on the day Aberegg wanted, Aberegg told Shema it "wasn't any of his concern."

**{¶4}** Aberegg later drove to the center at some undetermined point and learned that his daughter would not be coming because no visit had been scheduled. It is not clear from the record which day Aberegg actually called the visitation center or which day he went there for the visit he wanted to have with his daughter. It is clear, however, that on the evening of July 9, 2010, Aberegg called Shema and left a message for him on the answering machine at the Domestic Relations Court. The message contained numerous profanities as well as statements indicating that Aberegg was going to physically injure Shema.

**{¶5}** On July 27, 2010, Aberegg was charged with one count of telecommunications harassment, in violation of R.C. 2917.21(B). A bench trial was held on September 23, 2010, at the conclusion of which the trial court found Aberegg guilty. The court sentenced him to thirty days in jail.

{¶6} Aberegg now appeals from his conviction and raises two assignments of error for our review.

II

Assignment of Error Number One

THE EVIDENCE WAS INSUFFICIENT TO SUPPORT A FINDING OF GUILTY ON TH (sic) SOLE CHARGE OF TELECOMMUNICATION HARASSMENT IN VIOLATION OF R.C. 2917.21(B), A FIRST-DEGREE MISDEMEANOR, AND DEFENDANT-APPELLANT'S CONVICTION OF THAT OFFENSE WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.

{¶7} In his first assignment of error, Aberegg argues that his conviction is based on insufficient evidence and is against the manifest weight of the evidence. We address each argument separately.

{¶8} In order to determine whether the evidence before the trial court was sufficient to sustain a conviction, this Court must review the evidence in a light most favorable to the prosecution. *State v. Jenks*, 61 Ohio St.3d 259, 273 (1991).

> An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt.

*Id.* at paragraph two of the syllabus; *see also State v. Thompkins*, 78 Ohio St.3d 380, 386 (1997).

"In essence, sufficiency is a test of adequacy." *Thompkins*, 78 Ohio St.3d at 386.

{¶9} "No person shall make * * * a telecommunication * * * with purpose to abuse, threaten, or harass another person." R.C. 2917.21(B).

> A person acts purposely when it is his specific intention to cause a certain result, or, when the gist of the offense is a prohibition against conduct of a certain nature,

regardless of what the offender intends to accomplish thereby, it is his specific intention to engage in conduct of that nature.

R.C. 2901.22(A). Telecommunications harassment constitutes a first-degree misdemeanor. R.C. 2917.21(C)(2).

{¶10} Aberegg argues that his conviction is based on insufficient evidence because the State failed to prove that he "purposely" abused, threatened, or harassed Schema. Aberegg argues that his message, while vulgar and profane, only amounted to a conditional threat and stemmed from his frustration at having driven from his Barberton residence to Medina for no reason. According to Aberegg, his conduct was, at most, reckless in nature.

{¶11} The message Aberegg left for Schema begins with Aberegg introducing himself and then indicating that he spent $12 on gasoline driving to the visitation center and back for no reason. Aberegg then informs Schema that "you owe me the f***ing money." Additionally, Aberegg states that "what I ought to do is take it out of your f***ing hide. The way I look at it, a kneecap is worth twelve bucks." Aberegg concludes by beginning to say what will happen if the same situation arises again and correcting his statement by asserting, that "there ain't gonna be a next time. If you cost me any more f***ing money, I'm just gonna bust your f***ing kneecap." Shema testified at trial that he felt both threatened and harassed by Aberegg's phone call after listening to the message.

{¶12} Viewing the evidence in a light most favorable to the prosecution, a rational trier of fact could have concluded that it was Aberegg's specific intent to threaten or harass Shema. *See Akron v. McDaniels*, 9th Dist. No. 21661, 2004-Ohio-599, ¶ 9-12 (upholding telecommunications harassment conviction where defendant left threatening voicemail message). Aberegg's phone message was extremely profane and contained specific threats of violence. Further, the message was not merely conditional in nature. While the message included a later

conditional threat about what Aberegg might do if the same situation arose again, the message also contained threats based on the missed visit that had already occurred. In particular, Aberegg stated that he should take his money "out of [Shema's] f***ing hide" and indicated that Shema's kneecap would be worth the $12 he spent on gasoline. Aberegg fails to address the foregoing portion of his message in asserting that his message only contained a conditional threat. The message was objectively threatening in nature and not merely conditional. Moreover, Shema testified that he felt both threatened and harassed by the message. A rational trier of fact could have concluded that the State presented sufficient evidence of Aberegg's intent to commit telecommunications harassment. Accordingly, his conviction is not based on insufficient evidence.

{¶13} In determining whether a conviction is against the manifest weight of the evidence an appellate court:

> must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.

*State v. Otten*, 33 Ohio App.3d 339, 340 (9th Dist.1986). A weight of the evidence challenge indicates that a greater amount of credible evidence supports one side of the issue than supports the other. *Thompkins*, 78 Ohio St.3d at 387. Further, when reversing a conviction on the basis that the conviction was against the manifest weight of the evidence, the appellate court sits as the "thirteenth juror" and disagrees with the factfinder's resolution of the conflicting testimony. *Id.* Therefore, this Court's "discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction." *State v. Martin*, 20 Ohio App.3d 172, 175 (1st Dist.1983). *See also Otten*, 33 Ohio App.3d at 340.

{¶14} Aberegg's entire manifest weight argument is that "[e]ven assuming *arguendo* that the evidence was somehow minimally sufficient, the trial court clearly lost its way and created * * * a manifest miscarriage of justice * * *." (Emphasis sic.) He does not perform any actual weight analysis or make any challenge to the credibility of the witnesses who testified. As this Court has repeatedly held, "[i]f an argument exists that can support [an] assignment of error, it is not this [C]ourt's duty to root it out." *Cardone v. Cardone*, 9th Dist. No. 18349, 1998 WL 224934, *8 (May 6, 1998). We will not engage in a manifest weight analysis when Aberegg has not done so. Aberegg's first assignment of error is overruled.

Assignment of Error Number Two

THE TRIAL COURT ERRED TO THE PREJUDICE OF DEFENDANT-APPELLANT BY FINDING HIM GUILTY OF THE CHARGED OFFENSE OF TELECOMMUNICATION HARASSMENT IN VIOLATION OF R.C. 2917.21(B), A FIRST-DEGREE MISDEMEANOR, RATHER THAN – AT MOST – THE LESSER-INCLUDED OR INFERIOR OFFENSE OF DISORDERLY CONDUCT IN VIOLATION OF R.C. 2917.11(A), A MINOR MISDEMEANOR.

{¶15} In his second assignment of error, Aberegg argues that the trial court erred by finding him guilty of telecommunications harassment when the evidence only supported, at most, a conviction for disorderly conduct. We disagree.

{¶16} Much of the law in Aberegg's brief addresses the test that applies to determine whether a trial court must charge a jury on a lesser-included offense. Because this was a bench trial, however, the law applying to jury instructions is inapplicable. Nevertheless, this Court has held that "[w]hen the evidence shows that a defendant was not guilty of the crime for which he was convicted, but was guilty of a * * * lesser-included offense of that crime, we can modify the verdict accordingly, and remand the case for resentencing." *State v. Skorvanek*, 182 Ohio App.3d 615, 2009-Ohio-1709, ¶ 12 (9th Dist.), quoting *State v. McCoy*, 10th Dist. No. 07AP-

769, 2008-Ohio-3293, ¶ 28. Aberegg once again argues that he only acted recklessly, not purposely, and thus only should have been convicted of disorderly conduct.

{¶17} Aberegg has not pointed this Court to any case in which a court found disorderly conduct to be a lesser-included offense of telecommunications harassment. *See* App.R. 16(A)(7). Moreover, even assuming that disorderly conduct is a lesser-included offense of telecommunications harassment, the evidence here supports the trial court's finding of guilt for the charged offense. That is, the evidence supports the conclusion that Aberegg acted purposely when he threatened and/or harassed Shema. His argument that he should have been convicted of a lesser-included offense lacks merit. *See Skorvanek* at ¶ 12 (permitting defendant to be resentenced to a lesser-included offense only when the evidence shows the defendant was not guilty of his convicted crime). Aberegg's second assignment of error is overruled.

III

{¶18} Aberegg's assignments of error are overruled. The judgment of the Medina Municipal Court is affirmed.

Judgment affirmed.

————

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Medina Municipal Court, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the

period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

_____
BETH WHITMORE
FOR THE COURT

MOORE, J.
BELFANCE, J.
CONCUR

APPEARANCES:

JOSEPH F. SALZGEBER, Attorney at Law, for Appellant.

GREGORY A. HUBER, Medina City Prosecutor, for Appellee.