[Cite as *State v. Richardson*, 2014-Ohio-2055.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
No. 100115

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## DESMOND RICHARDSON

DEFENDANT-APPELLANT

## JUDGMENT:
## AFFIRMED IN PART, REVERSED IN PART, AND REMANDED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-12-563826

**BEFORE:** Boyle, A.J., Keough, J., and Blackmon, J.

**RELEASED AND JOURNALIZED:** May 15, 2014

**ATTORNEY FOR APPELLANT**

Judith M. Kowalski
333 Babbitt Road
Suite 323
Euclid, Ohio   44123


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor
BY:   Mary H. McGrath
Assistant County Prosecutor
Justice Center, 8th Floor
1200 Ontario Street
Cleveland, Ohio   44113

MARY J. BOYLE, A.J.:

{¶1} This cause came to be heard upon the accelerated calendar pursuant to App.R. 11.1 and Loc.R. 11.1.

{¶2} Defendant-appellant, Desmond Richardson, appeals his conviction and sentence, challenging (1) the sufficiency and the weight of the evidence, (2) the trial court's failure to merge the two offenses at sentencing, and (3) the imposition of consecutive sentences. We find that the state failed to prove the essential elements to support a conviction for second-degree burglary under R.C. 2911.12(A)(2), but find that the evidence supported a conviction on a lesser included offense of burglary, as a third-degree felony, under R.C. 2911.12(A)(3). We affirm in part, reverse in part, and remand with instructions for the court to modify Richardson's conviction and impose a new sentence.

Procedural History and Facts

{¶3} Richardson was indicted on one count of burglary, in violation of R.C. 2911.12(A)(2), which carried a notice of prior conviction and repeat violent offender specification, and one count of petty theft, in violation of R.C. 2913.02(A)(1). Richardson pleaded not guilty to the charges and proceeded to a jury trial on all charges but the specifications, which were tried to the bench. The following evidence was presented at the jury trial.

{¶4} Olivia Jones testified that on June 14, 2012, she returned to her ground-level apartment located in Richmond Heights shortly after 3:00 p.m. and discovered that her

front door was unlocked. Upon entering her apartment, Jones noticed that all her closets had been opened and that her television was gone. Jones further testified that her window was unlocked despite normally locking it. Jones telephoned the police and reported the break-in.

{¶5} Detective Sergeant Darren Porter testified that he investigated the reported incident and obtained a video surveillance tape from the apartment's management company, which consisted of one disk with three different camera angles, including the building's lobby and outside the victim's window. The video surveillance captured the perpetrator going through Jones's apartment window. Prior to the perpetrator entering the apartment, the camera captures a clear picture of a man entering and exiting the lobby three times. At one point, the man is seen looking into the victim's apartment. Shortly thereafter, the perpetrator, whose face is not visible but matches the same build and height of the same man seen earlier entering and exiting the lobby three times and looking into the victim's window, is then seen entering the victim's outside window and going inside the apartment.

{¶6} Upon further investigation, Sgt. Porter learned from maintenance employees at the apartment complex that they believed the man seen in the video resided in another apartment in the complex. Sgt. Porter requested the lease to that apartment, which identified Dondreya Crump as the sole leasee. After not reaching anyone at Crump's apartment, Sgt. Porter later visited Crump at her employment but did not learn the identity of the person who resided with her. At trial, Sgt. Porter identified Crump as someone

sitting in the courtroom.

{¶7} According to Sgt. Porter, he eventually learned the man's identity in the video through an anonymous source in the rental office, who identified Desmond Richardson. Sgt. Porter testified that he ran Richardson's name, pulled up his driver's license photograph, and then compared the photograph to the video surveillance, determining that they were a match.

{¶8} The state also offered the testimony of Kelly Markosky, the property manager of the apartment complex. Markosky testified that Richardson is the boyfriend of Crump, a resident who lived on the fourth floor of building H — the same building of the apartment complex where the victim's apartment is located. Markosky explained that she observed Richardson and Crump together on several occasions.

{¶9} Markosky further testified that she obtained the security video footage after Jones reported a burglary and gave the video to the Richmond Heights Police Department. The state played the video surveillance tape for the jury and offered still-photographs taken from the video surveillance. Markosky identified Richardson in the video surveillance, noting that, although Richardson changed his shirt and put on a baseball hat later in the video surveillance, he was the same person easily identified earlier based on the same (1) stature, (2) height, (3) legs, (4) arms, (5) shoes, and (6) shorts.

{¶10} The jury ultimately found Richardson guilty on the two counts. The state also produced evidence of Richardson's prior conviction for burglary on November 17, 2003, in Case No. CR-03-444353. Relying on this evidence, the trial judge separately

found Richardson guilty of the notice of prior conviction and repeat violent offender specifications. Prior to sentencing, the trial court referred Richardson for a presentence investigation report. Richardson, however, refused to participate. At sentencing, the trial court imposed eight years and a $250 fine on the burglary count; 180 days and a $250 fine on the petty theft charge, which the trial court ordered suspended; and six years on the repeat violent offender specification, for a total prison term of 14 years.

**{¶11}** Richardson appeals, raising the following four assignments of error:

> I. The trial court erred to the prejudice of the appellant in denying the motion for dismissal pursuant to Rule 29 of the Ohio Rules of Criminal Procedure, in that the evidence presented was insufficient as a matter of law.

> II. The verdict of guilty was against the weight of the evidence.

> III. The trial court erred to the prejudice of the appellant by not finding that burglary and theft are allied offenses of similar import, and by sentencing him concurrently but separately for each one.

> IV. The trial court abused its discretion and erred to the prejudice of appellant by sentencing him to a total of fifteen years imprisonment amounting to consecutive terms of eight and six years respectively, in that the consecutive terms are excessive for the purposes set forth in Ohio Revised Code Section 2929.11(A) and (B) and are not necessary to protect the public.

Sufficiency and Weight of the Evidence

**{¶12}** In his first assignment of error, Richardson argues that the state failed to present sufficient evidence to convict him of second-degree burglary. Relying on the same arguments he raises in his sufficiency challenge, he further argues in his second assignment of error that his burglary conviction is against the manifest weight of the evidence. We will address these assignments of error together.

**{¶13}** When an appellate court reviews a record upon a sufficiency challenge, "'the relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt.'" *State v. Leonard*, 104 Ohio St.3d 54, 2004-Ohio-6235, 818 N.E.2d 229, ¶ 77, quoting *State v. Jenks*, 61 Ohio St.3d 259, 574 N.E.2d 492 (1991), paragraph two of the syllabus.

**{¶14}** While the test for sufficiency requires a determination of whether the state has met its burden of production at trial, a manifest weight challenge questions whether the state has met its burden of persuasion. *State v. Thompkins*, 78 Ohio St.3d 380, 390, 678 N.E.2d 541 (1997). When a defendant asserts that a conviction is against the manifest weight of the evidence, an appellate court must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether, in resolving conflicts in the evidence, the factfinder clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. *Id.* at 387.

**{¶15}** Richardson was convicted of a single count of burglary, a violation of R.C. 2911.12(A)(2), which provides as follows:

> No person, by force, stealth, or deception, shall * * * [t]respass in an occupied structure or in a separately secured or separately occupied portion of an occupied structure that is a permanent or temporary habitation of any person when any person * * * is present or likely to be present, with purpose to commit in the habitation any criminal offense.

*A. Identity of the Perpetrator*

{¶16} Richardson argues that the state failed to present sufficient evidence to establish that he was the perpetrator. He contends that the identification evidence was lacking. We disagree.

{¶17} The state presented the testimony of Markosky, who identified Richardson in the video surveillance as the perpetrator entering the victim's apartment. Apart from Markosky's testimony, the state presented the video surveillance as well as still-photographs, allowing the jury to view firsthand Richardson entering and exiting the apartment building three times within a short period of time and even looking into the victim's apartment window at one point. And although the video surveillance did not capture a clear picture of Richardson's face upon his entering the victim's window, it reveals that the person has the exact same build as Richardson and appears to be wearing the exact same shorts and shoes. Construing this evidence in a light most favorable to the state, we find that the state met its burden proof to establish Richardson was the perpetrator of the burglary.

{¶18} We further find no merit to Richardson's argument that the identification of him is against the manifest weight of the evidence. His claim that the jury may have been confused by the in-court identification of his alleged girlfriend does not render the verdict against the weight of the evidence. To the contrary, this evidence further bolstered the state's case and the evidence that Richardson's girlfriend resided in the apartment building. As for the state's failure to obtain any positive identification through the partial fingerprint recovered from the windowsill, Det. Porter testified that there "wasn't enough

points of positive analysis on the print" so he never submitted for identification. The lack of fingerprint evidence does not negate the other evidence offered by the state. And based on the video surveillance presented as well as the testimony of Markosky positively identifying Richardson, we cannot say that the jury lost its way in finding that Richardson was the perpetrator.

### B. *"Likely To Be Present" Element*

**{¶19}** Richardson also argues that the state failed to present sufficient evidence of the "present or likely to be present" element of the burglary under R.C. 2911.12(A)(2). We agree.

**{¶20}** In *State v. Palmer*, 8th Dist. Cuyahoga No. 89957, 2008-Ohio-2937, ¶ 13, this court discussed the "likely to be present" element of the crime of second-degree burglary as follows:

> "A person is likely to be present when a consideration of all the circumstances would seem to justify a logical expectation that a person could be present." *State v. Green*, 18 Ohio App.3d 69, 72, 480 N.E.2d 1128 (1984). In determining whether persons were present or likely to be present under R.C. 2911.12(A)(2), "the defendant's knowledge concerning habitation is not material. The issue is not whether the burglar subjectively believed that persons were likely to be there, but whether it was objectively likely." *State v. Brown*, 1st Dist. Hamilton No. C-980907, 2000 Ohio App. LEXIS 1820 (Apr. 28, 2000). Merely showing that people dwelled in the residence is insufficient; the state must adduce specific evidence that the people were present or likely to be present at the time of the burglary. *State v. Fowler*, 4 Ohio St.3d 16, 18, 445 N.E.2d 1119 (1983).

**{¶21}** The Ohio Supreme Court has recognized that the state can establish the "likely to be present" element of burglary under R.C. 2911.12(A)(2) by showing that the occupants of the dwelling were "in and out on the day in question" and were temporarily

absent when the burglary occurred. *State v. Kilby*, 50 Ohio St.2d 21, 361 N.E.2d 1336 (1977), paragraph one of the syllabus.

{¶22} Conversely, Ohio courts have recognized that "where the occupants of a house are absent as part of their regular workday, they are not likely to be present during the day." *State v. McCoy*, 10th Dist. Franklin No. 07AP-769, 2008-Ohio-3293, ¶ 23, citing *State v. Frock*, 2d Dist. Clark No. 2004CA76, 2006-Ohio-1254; *State v. Brown*, 1st Dist. Hamilton No. C-980907, 2000 Ohio App. LEXIS 1820 (Apr. 28, 2000) ("likely to be present" element not satisfied where burglary occurred during the occupant's workday, and no evidence was offered that the occupant ever came home during his workday); *State v. Lockhart*, 115 Ohio App.3d 370, 685 N.E.2d 564 (8th Dist.1996) ("likely to be present" element not satisfied where home's occupant testified that burglary occurred while she was at work, and that she did not return to her house at varying times). *See also State v. Meisenhelder*, 8th Dist. Cuyahoga No. 76764, 2000 Ohio App. LEXIS 4745 (Oct. 12, 2000) (regular habitation does not give rise to a presumption that a person is "likely to be present"; state must produce evidence to prove element).

{¶23} Here, although the state presented evidence that the victim's place of employment was only approximately 15 minutes away from her apartment, it failed to elicit any other testimony as to the victim's habits to establish the "likely to be present" element. For example, the state failed to offer any evidence that the victim sometimes returned home during the workday. Instead, the record reveals that the victim left for work that day shortly before 7:00 a.m., and returned home "a little after 3:00 p.m." The

victim testified that she worked from 8:00 a.m. to 3:00 p.m. or 8:00 a.m. to 2:00 p.m. during the week. The burglary occurred shortly before noon on a workday. Based on this evidence, the victim was not likely to be present.

{¶24} The state counters that "there was no evidence introduced that [the victim] would not have been able to make the short trip home or that she would not have been permitted to return home early from her place of employment." It further contends that "there was no evidence introduced that another person might not be present at her apartment." But the state's argument confuses the burden of proof at trial; the state solely carries the burden of proof and the defense has no duty to disprove the state's case. And as explained above, there is no presumption that an occupant is likely to be present merely because the burglary occurred at a residential dwelling; instead, the state must adduce specific evidence that the occupant was present or likely to be present. And in this case, the state failed to meet this burden.

### C.     Lesser Included Offense

{¶25} Although the state failed to present sufficient evidence to sustain a conviction of burglary under R.C. 2911.12(A)(2), this court has the power under Crim.R. 33(A)(4) to modify a judgment "[i]f the evidence shows the defendant is not guilty of the degree of crime for which he was convicted, but guilty of a lesser degree thereof[.]" *State v. Reed*, 65 Ohio St.2d 117, 123, 418 N.E.2d 1359 (1981).

{¶26} "Burglary under R.C. 2911.12(A)(3) is a lesser included offense of burglary under R.C. 2911.12(A)(2) because it contains all but the R.C. 2911.12(A)(2) element of

the presence or likely presence of someone other than an accomplice of the offender." *State v. Butler*, 8th Dist. Cuyahoga No. 97649, 2012-Ohio-4152, ¶ 18, citing *State v. Broyles*, 5th Dist. Richland No. 2009Ca0072, 2010-Ohio-1837, ¶ 40. And here, given that the state produced sufficient evidence on all of the elements except for the "likely to be present," we find that the evidence supports a finding of guilt under R.C. 2911.12(A)(3), a third-degree felony. We therefore sustain the first assignment of error in part and remand with instructions for the court to modify the judgment of conviction to find Richardson guilty of burglary under R.C. 2911.12(A)(3). *See Butler* at ¶ 18, citing *State v. Rothrock*, 8th Dist. Cuyahoga No. 93602, 2010-Ohio-4102, ¶ 20.

### D.  *Repeat Violent Offender Specification*

{¶27} We further note that, having found insufficient evidence to support Richardson's second-degree burglary conviction under R.C. 2911.12(A)(2), the finding of guilt on the repeat violent offender specification cannot stand. The repeat violent offender specification, as contained in R.C. 2941.149, provides that "repeat violent offender" has the same meaning as in Section 2929.01 of the Revised Code, which defines a "repeat violent offender" as a person about whom both of the following apply:

> (1) The person is being sentenced for committing or for complicity in committing any of the following:
>
> (a) Aggravated murder, murder, any felony of the first or second degree that is an offense of violence, or an attempt to commit any of these offenses if the attempt is a felony of the first or second degree;
>
> (b) An offense under an existing or former law of this state, another state, or the United States that is or was substantially equivalent to an offense described in division (CC)(1)(a) of this section.

(2) The person previously was convicted of or pleaded guilty to an offense described in division (CC)(1)(a) or (b) of this section.

R.C. 2929.01(CC).

**{¶28}** Here, Richardson is being sentenced on a third-degree felony, and therefore the underlying offense does not satisfy the definition under R.C. 2929.01(CC). Accordingly, we vacate his conviction and sentence on the repeat violent offender specification.

**{¶29}** The first assignment of error is sustained in part and overruled in part. The second assignment of error regarding manifest weight of the evidence is rendered moot in part and overruled in part. Further, Richardson's final assignment of error challenging his sentence is rendered moot by our resolution of these assignments of error.

## Allied Offenses

**{¶30}** In his third assignment of error, Richardson argues that his convictions for burglary and theft should have merged as allied offenses.

**{¶31}** When a defendant's conduct results in the commission of two or more "allied" offenses of similar import, that conduct can be charged separately, but the defendant can be convicted and sentenced for only one offense. R.C. 2941.25(A). In determining whether offenses merge, we consider the defendant's conduct. *State v. Johnson*, 128 Ohio St.3d 153, 2010-Ohio-6314, 942 N.E.2d 1061, ¶ 44. "If the multiple offenses can be committed by the same conduct, then the court must determine whether the offenses were committed by the same conduct, i.e., 'a single act, committed with a

single state of mind.'" *Id.* at ¶ 49, quoting *State v. Brown*, 119 Ohio St.3d 447, 2008-Ohio-4569, 895 N.E.2d 149, ¶ 50 (Lanzinger, J., dissenting). If we answer both questions affirmatively, then the offenses are allied offenses of similar import and will be merged. *Johnson* at ¶ 50.

{¶32} Richardson contends that the trial court committed plain error in imposing separate sentences on the burglary and theft convictions when they both arose from the same conduct. We disagree. As this court has previously recognized, "once defendant entered the apartment with an intent to commit a felony inside, the crime of burglary was complete." *State v. Smith*, 8th Dist. Cuyahoga No. 95243, 2011-Ohio-3051, ¶ 80. Indeed, the record reveals that, after Richardson entered the apartment, he further searched the victim's closets. Then, when Richardson proceeded to take the television from the apartment, he engaged in a separate offense of theft. Based on this record, we cannot say that the trial court erred by imposing separate sentences for the two offenses.

{¶33} The third assignment of error is overruled.

Conclusion

{¶34} Having found that the evidence does not support a conviction of burglary under R.C. 2911.12(A)(2), but does support a conviction on the lesser-degree of burglary under R.C. 2911.12(A)(3), we remand this case with instructions for the trial court to modify the judgment of conviction to find Richardson guilty of third-degree burglary under R.C. 2911.12(A)(3). Our holding further necessitates that the finding of the repeat violent offender specification be vacated and that the trial court resentence Richardson on

the conviction of burglary under R.C. 2911.12(A)(3).   The conviction and sentence for petty theft is affirmed.

{¶35} Judgment affirmed in part, reversed in part, and case remanded to the lower court for further proceedings consistent with this opinion.

It is ordered that appellant and appellee share the costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.   The defendant's conviction having been affirmed in part, any bail pending appeal is terminated.   Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

MARY J. BOYLE, ADMINISTRATIVE JUDGE

KATHLEEN ANN KEOUGH, J., and
PATRICIA ANN BLACKMON, J., CONCUR