[Cite as *State v. Sadowski*, 2014-Ohio-4211.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 100819**

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## STEVEN SADOWSKI

DEFENDANT-APPELLANT

**JUDGMENT:**
AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-13-577713-A

**BEFORE:** Blackmon, J., Celebrezze, P.J., and S. Gallagher, J.

**RELEASED AND JOURNALIZED:** September 25, 2014

**ATTORNEY FOR APPELLANT**

Rick L. Ferrara
2077 East 4th Street
Second Floor
Cleveland, Ohio 44114


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor

By: Amy Venesile
Assistant County Prosecutor
9th Floor Justice Center
1200 Ontario Street
Cleveland, Ohio 44113

PATRICIA ANN BLACKMON, J.:

{¶1} Appellant Steven Sadowski ("Sadowski") appeals his sentence and assigns the following error for our review:

> The trial court acted contrary to law when it conducted an allied offense hearing without a proper analysis under *State v. Johnson* [128 Ohio St.3d 153, 2010-Ohio-6314, 942 N.E.2d 1061].

{¶2} Having reviewed the record and pertinent law, we affirm Sadowski's sentence. The apposite facts follow.

{¶3} The Cuyahoga County Grand Jury indicted Sadowski in a three-count indictment for burglary with notice of prior conviction and a repeat violent offender specification, theft, and drug possession. Sadowski entered into a plea agreement and agreed to plead to an amended count of burglary with the notice of prior conviction and repeat violent offender specification nolled. He also pled to the theft and drug possession counts.

{¶4} At the hearing, the prosecutor gave a factual statement as follows:

> [J]ust briefly for a factual statement, I think there's no question that the defendant has admitted both in his PSI and to the detectives that he was the one who broke into this lady's house, took her purse, took her objects and her items and later discarded the purse and some of those items and was caught after that.

Tr. 48.

{¶5} The prosecutor stressed that this occurred around 2:30 or 3:00 a.m. while the victim was sleeping.

{¶6} Prior to sentencing Sadowski, the trial court discussed with the attorneys whether the burglary and theft counts merged. The trial court concluded that they did not merge because they were committed with "a different mind set." The trial court

sentenced Sadowski to two years for the burglary count and six months for the theft count, to be served concurrently. In addition, he was sentenced to one year of community control for the drug possession count.

## Allied Offenses

{¶7} In his sole assigned error, Sadowski argues the trial court failed to engage in the correct analysis in determining that the burglary and theft counts did not merge.

{¶8} When a defendant's conduct results in the commission of two or more allied offenses of similar import, that conduct can be charged separately, but the defendant can be convicted and sentenced for only one offense. R.C. 2941.25(A). In determining whether offenses merge, we consider the defendant's conduct. *State v. Johnson*, 128 Ohio St.3d 153, 2010-Ohio-6314, 942 N.E.2d 1061, ¶ 44. "If the multiple offenses can be committed by the same conduct, then the court must determine whether the offenses were committed by the same conduct, i.e., 'a single act, committed with a single state of mind.'" *Id.* at ¶ 49, quoting *State v. Brown*, 119 Ohio St.3d 447, 2008-Ohio-4569, 895 N.E.2d 149, ¶ 50 (Lanzinger, J., dissenting). If we answer both questions affirmatively, then the offenses are allied offenses of similar import and will be merged. *Johnson* at ¶ 50.

{¶9} Here, after hearing the arguments of the prosecutor and defense counsel, the trial court concluded the offenses did not merge because they were committed with a "different mind set." This could refer to the second prong of the *Johnson* test, because as we set forth above, *Johnson* refers to determining if the act was "committed with a single state of mind" when deciding whether the acts were committed by the same conduct.

**{¶10}** Sadowski also contends that the trial court committed plain error in imposing separate sentences on the burglary and theft convictions when both offenses were committed by the same conduct. We disagree. As this court recently explained in holding that burglary and theft were not allied offenses of similar import, "'once defendant entered the apartment with an intent to commit a felony inside, the crime of burglary was complete.'" *State v. Richardson*, 8th Dist. Cuyahoga No. 100115, 2014-Ohio-2055, quoting *State v. Smith*, 8th Dist. Cuyahoga No. 95243, 2011-Ohio-3051, ¶ 80; *see also State v. Smith*, 8th Dist. Cuyahoga No. 100641, 2014-Ohio-3420 (burglary and theft not allied offenses because the burglary was completed prior to the theft). Thus, we have concluded that theft and burglary are separate acts committed with different conduct.

**{¶11}** Thus, once Sadowski entered the victim's home without her permission, the offense of burglary was complete. Then, when Sadowski proceeded to take the victim's purse, he committed the separate offense of theft. Based on this record, we cannot say that the trial court erred by imposing separate sentences for the two offenses. Accordingly, Sadowski's sole assigned error is overruled.

**{¶12}** Judgment affirmed.

It is ordered that appellee recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to the Cuyahoga County Court of Common Pleas to carry this judgment into execution. The defendant's conviction having

been affirmed, any bail pending appeal is terminated.  Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
PATRICIA ANN BLACKMON,  JUDGE

FRANK D. CELEBREZZE, JR., P.J., CONCURS;
SEAN C. GALLAGHER, J., CONCURS IN
JUDGMENT ONLY