[Cite as *State v. Robinson*, 2016-Ohio-808.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

---

### JOURNAL ENTRY AND OPINION
### No. 102766

---

**STATE OF OHIO**

PLAINTIFF-APPELLEE

vs.

**ADAM P. ROBINSON**

DEFENDANT-APPELLANT

---

**JUDGMENT:**
AFFIRMED

---

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-14-586289-A

**BEFORE:** E.T. Gallagher, P.J., Stewart, J., and Celebrezze, J.

**RELEASED AND JOURNALIZED:** March 3, 2016

**ATTORNEY FOR APPELLANT**

Russell S. Bensing
600 IMG Building
1360 East Ninth Street
Cleveland, Ohio 44114


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor

BY:    Gregory J. Ochocki
Assistant Prosecuting Attorney
The Justice Center, 9th Floor
1200 Ontario Street
Cleveland, Ohio 44113

EILEEN T. GALLAGHER, P.J.:

{¶1} Defendant-appellant, Adam Robinson ("Robinson"), appeals his burglary conviction. He raises two assignments of error for our review:

1. The trial court committed plain error in failing to instruct the jury on the lesser included offense of burglary, a felony of the third degree, in derogation of defendant's right to due process of law under the 14th Amendment to the United States Constitution, and Article I, Section 10, of the Ohio Constitution.

2. Defendant was denied his right to the effective assistance of counsel, in derogation of his rights under the 6th Amendment to the U.S. Constitution, and Article I, Section 10, of the Ohio Constitution.

{¶2} We find no merit to the appeal and affirm the trial court's judgment.

### I. Facts and Procedural History

{¶3} Robinson was charged with second-degree felony burglary, intimidation of a crime victim, two counts of theft, and one count of possessing criminal tools. The charges resulted from a burglary that occurred in the victim's apartment during the evening hours of March 27, 2014, or early morning hours of March 28, 2014.

{¶4} The victim, who was a college student at that time, testified at trial that she and her boyfriend went on a week-long vacation for spring break in March 2014. While she was away, the victim's mother came to the apartment three times to feed the victim's cat and keep it company for a little while.

{¶5} The victim testified that when she returned home from vacation on March 28, 2014, she found that her apartment had been ransacked, and several items had been stolen. She called the police and surveyed her apartment while she waited for them to arrive. The victim found a crowbar and screwdriver in a tote bag she had left on the couch that were not in the tote bag before she left for vacation. She explained:

I began to walk around and noticed that things were pulled out of drawers, cupboard[s] were opened. Everything was everywhere. Things that didn't need to be even looked through if you were breaking into somebody's house — documents thrown places. Clothes out of my closet, drawers, sheets off my bed. My mattress was flipped. It was — I was very violated entering my apartment.

(Tr. 149.) The victim testified that she also found a note, written in green marker, that read "SNITCH AND DIE."

{¶6} Westlake police investigated the incident and took photographs of the victim's apartment. They discovered that another tenant's car had also been broken into, and a bottle of Seagrams had been left on the driver's seat. The police collected the screwdriver, crowbar, and Seagrams bottle and sent them to the Ohio Bureau of Criminal Investigation ("BCI") for analysis. David Niemeyer, a forensic DNA analyst at BCI, testified that DNA extracted from the screwdriver and crowbar matched Robinson's DNA.

{¶7} Based on this evidence, the jury found Robinson guilty of one count of second-degree felony burglary, one count of theft, and one count of possession of criminal tools. The theft and possession of criminal tools charges merged with burglary for sentencing. The court sentenced Robinson to three years in prison for second-degree felony burglary. Robinson now brings this appeal.

## II. Law and Analysis

### A. Lesser Included Offense of Burglary

{¶8} In the first assignment of error, Robinson argues the trial court's failure to instruct the jury on the lesser included offense of third-degree felony burglary described in R.C. 2911.12(A)(3), violated his constitutional right to due process of law.

{¶9} However, Robinson's trial counsel failed to request a lesser included offense instruction and did not object to the jury instructions. Although an appellate court normally

reviews alleged errors in jury instructions for an abuse of discretion, when a defendant does not request a specific jury instruction and fails to object to the jury instructions as given, he waives all but plain error. *State v. Edgerson*, 8th Dist. Cuyahoga No. 101283, 2015-Ohio-593, ¶ 15.

{¶10} Under Crim.R. 52(B), a plain error affecting a substantial right may be noticed by an appellate court even though it was not brought to the attention of the trial court. However, an error rises to the level of plain error only if, but for the error, the outcome of the proceedings would have been different. *State v. Harrison*, 122 Ohio St.3d 512, 2009-Ohio-3547, 912 N.E.2d 1106, ¶ 61; *State v. Long*, 53 Ohio St.2d 91, 97, 372 N.E.2d 804 (1978). Notice of plain error "is to be taken with the utmost caution, under exceptional circumstances, and only to prevent a manifest miscarriage of justice." *Id*.

{¶11} An offense of inferior degree is an offense which, upon proof of a mitigating or aggravating element, is assigned a different "degree" of punishment than the indicted offense. *State v. Deem*, 40 Ohio St.3d 205, 209, 533 N.E.2d 294 (1988). Robinson was convicted of burglary in violation of R.C. 2911.12(A)(2), which states, in relevant part:

> No person, by force, stealth, or deception, shall * * * [t]respass in an occupied structure * * * that is a permanent or temporary habitation of any person when any person other than an accomplice of the offender is present or likely to be present, with purpose to commit in the habitation any criminal offense.

{¶12} The third-degree felony described in R.C. 2911.12(A)(3) defines burglary as trespassing in an occupied structure by force, stealth, or deception, "with purpose to commit * * * any criminal offense." It does not require the state to prove that another person "is present or likely to be present" in the occupied structure when the offense of trespassing is committed. Courts have held that burglary under R.C. 2911.12(A)(3) is a lesser included offense of burglary

under R.C. 2911.12(A)(2), which requires proof of the aggravating, "likely to be present," element.   *State v. Ficklin*, 8th Dist. Cuyahoga No. 92228, 2009-Ohio-6103, ¶ 6.

{¶13} The fact that an offense is a lesser included one of a greater offense does not automatically entitle a defendant to a lesser included offense instruction.   *State v. Smith*, 8th Dist. Cuyahoga No. 91715, 2010-Ohio-1655, ¶ 25.   A charge on a lesser included offense is required only where the evidence presented at trial would reasonably support both an acquittal on the crime charged and a conviction upon the lesser included offense.   *Id.*, citing *State v. Thomas*, 40 Ohio St.3d 213, 533 N.E.2d 286 (1988), paragraph two of the syllabus.

{¶14} Robinson argues he was entitled to a lesser included instruction on third-degree felony burglary because there was no evidence that people were "present or likely to be present" when he entered victim's apartment.

{¶15} In determining whether persons were present or likely to be present under R.C. 2911.12(A)(2), the defendant's knowledge concerning habitation is not material.   "'The issue is not whether the burglar subjectively believed that persons were likely to be there, but whether it was objectively likely.'"   *State v. Richardson*, 8th Dist. Cuyahoga No. 100115, 2014-Ohio-2055, ¶ 20, quoting *State v. Palmer*, 8th Dist. Cuyahoga No. 89957, 2008-Ohio-2937, ¶ 13.

{¶16} "'[A]lthough the term 'likely' connotes something more than a mere possibility, it also connotes something less than a probability or reasonable certainty.'"   *Smith,* 8th Dist. Cuyahoga No. 91715, 2010-Ohio-1655, at ¶ 20, quoting *State v. Frock*, 2d Dist. Clark No. 2004 CA 76, 2006-Ohio-1254.

{¶17} Evidence is insufficient to establish the "likely to be present" element "when the occupant of the home was absent for an extended period, such as on vacation and no one else was

regularly checking on the house." *Id*. at ¶ 20. However, the "likely to be present" element is satisfied "'where the structure is a permanent dwelling house which is regularly inhabited, the occupants were in and out of the house on the day in question, and the occupants were temporarily absent when the burglary occurred.'" *Id*., citing *State v. Kilby*, 50 Ohio St.2d 21, 23, 361 N.E.2d 1336 (1977).

{¶18} This court has held that a person is "present or likely to be present" in a home where the occupants were away on vacation, and a neighbor had a key and permission to enter the house. *State v. Lawrence*, 8th Dist. Cuyahoga No. 37969, 1978 Ohio App. LEXIS 8389 (Dec. 7, 1978); *State v. Cochran*, 8th Dist. Cuyahoga No. 50057, 1986 Ohio App. LEXIS 5481 (Jan. 30, 1986).

{¶19} There was no evidence that Robinson knew the victim was on vacation. Moreover, the victim's mother had a key and permission to enter the apartment. The victim's mother came to the apartment three times during the week to feed the cat and keep him company. She testified that she came to the apartment on March 27, 2014, and stayed for approximately one to two hours before leaving at 6:30 pm. The apartment was in order when she left. The victim returned on March 28, 2014, within 24 hours of her mother's visit, and found the apartment had been burglarized. Thus, both the victim and her mother were present in the apartment within hours, possibly minutes, of Robinson's intrusion. Their presence in the apartment within 24 hours of the burglary satisfies the "present or likely to be present" element of second-degree felony burglary. Therefore, because the state presented sufficient evidence to establish the "likely to be present" element of second-degree felony burglary, a lesser included offense instruction was not warranted.

{¶20} The first assignment of error is overruled.

## B.    Ineffective Assistance of Counsel

{¶21} In the second assignment of error, Robinson argues his trial counsel was ineffective for failing to request a jury instruction on the lesser included offense of third-degree felony burglary.

{¶22} To establish a claim for ineffective assistance of counsel, appellant must show that his counsel's performance was deficient and that the deficient performance prejudiced his defense.    *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *State v. Bradley*, 42 Ohio St.3d 136, 538 N.E.2d 373 (1989).    However, in this case, counsel was not deficient, and Robinson was not prejudiced by counsel's decision not to request a jury instruction on the lesser included offense of third-degree burglary.

{¶23} As discussed in the previous assignment of error, an instruction on the lesser included offense of burglary would have been erroneous because the evidence supported an objective finding that someone was "likely to be present" when Robinson entered victim's apartment.    Counsel probably knew that a request for an instruction on the lesser included offense would be denied.    In any case, since Robinson was not prejudiced by the absence of such a request, he fails to establish a claim for ineffective assistance of counsel.

{¶24} The second assignment of error is overruled.

## III.    Conclusion

{¶25} The trial court's decision not to provide a jury instruction was not error.    Evidence that the victim's mother had a key to the apartment, visited the apartment three times during the week, and visited the apartment within hours, or minutes, of the burglary supported a finding that someone was "present or likely to be present" when Robinson broke into the victim's apartment.

Therefore, a lesser included offense instruction was not warranted, and Robinson was not prejudiced by his counsel's decision not to request such an instruction.

**{¶26}** Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

EILEEN T. GALLAGHER, PRESIDING JUDGE

MELODY J. STEWART, J., and
FRANK D. CELEBREZZE, JR., J., CONCUR