[Cite as *State v. Kumpfel*, 2012-Ohio-1980.]

IN THE COURT OF APPEALS FOR CLARK COUNTY, OHIO

STATE OF OHIO                          :

    Plaintiff-Appellee                :          C.A. CASE NO.     2011 CA 45

v.                                     :          T.C. NO.     10CR856

GREG KUMPFEL                           :            (Criminal appeal from
                                                    Common Pleas Court)

    Defendant-Appellant               :

                                       :

    . . . . . . . . . .

**O P I N I O N**

Rendered on the    4th    day of     May    , 2012.

    . . . . . . . . . .

LISA M. FANNIN, Atty. Reg. No. 0082337, Assistant Prosecuting Attorney, 50 E. Columbia Street, 4th Floor, P. O. Box 1608, Springfield, Ohio 45501
    Attorney for Plaintiff-Appellee

MARK J. BAMBERGER, Atty. Reg. No. 0082053, 8 S. Third Street, Tipp City, Ohio 45371
    Attorney for Defendant-Appellant

    . . . . . . . . . .

DONOVAN, J.

    **{¶ 1}**    This matter is before the Court on the Notice of Appeal of Greg Kumpfel, filed June 20, 2011.  On September 14, 2010, Kumpfel struck and killed Robin Shawver as

she walked across Lake Road in Clark County. The license plate from Kumpfel's vehicle was found at the scene, and after obtaining a search warrant, investigating officers located Kumpfel's vehicle in a wooded area at his home.

**{¶ 2}** On December 20, 2010, Kumpfel was indicted on one count of failure to stop after an accident and one count of tampering with evidence, and he pled not guilty. On May 26, 2011, Kumpfel withdrew his pleas and entered a plea of no contest to failure to stop after an accident, a felony of the third degree, in violation of R.C. 4549.02(A). The tampering charge was dismissed. The trial court sentenced Kumpfel to five years in prison and suspended his license for 15 years.

**{¶ 3}** Kumpfel asserts two assignments of error which we will consider together, in reverse order, for ease of analysis. They are as follows:

"THE TRIAL COURT ERRED WHEN IT ALLOWED THE JUDGMENT TO BE RENDERED UPON COERCION BY THE STATE (REFERENCED TO THE PLEA HEARING TRANSCRIPT AND THE OHIO STATE HIGHWAY PATROL'S REPORT OF INVESTIGATION, SEPTEMBER 4, 2010)."

And,

"THE TRIAL COURT ERRED WHEN IT ALLOWED THE JUDGMENT TO BE RENDERED UPON INEFFECTIVE ASSISTANCE OF COUNSEL (REFERENCED TO THE PLEA HEARING TRANSCRIPT AND THE OHIO STATE HIGHWAY PATROL'S REPORT OF INVESTIGATION, SEPTEMBER 4, 2010)."

**{¶ 4}** Regarding his allegedly coerced confession, Kumpfel asserts that, in the course of his interview with the investigating officers of the highway patrol, he "was led

to believe that not only was he not in custody or under arrest, he was in fact not even in trouble for these events. * * * Effectively, due to his lack of education and comfort with police questioning him, the Defendant-Appellant was coerced to sit with the officers and answer questions under conditions where a reasonable person would have felt custodial control." According to Kumpfel, "although the officers represented that the Defendant-Appellant was 'not under arrest,' a reasonable person would have thought otherwise. It could have been presumed at that time that the Defendant-Appellant's statements therefore were not voluntary * * * ."

**{¶ 5}** Crim.R. 12(C)(3) requires a party who wishes to challenge evidence on the grounds that it was illegally obtained to move to suppress the evidence. The rule provides:

Prior to trial, any party may raise by motion any defense, objection, evidentiary issue, or request that is capable of determination without the trial of the general issue. The following must be raised before trial:

* * *

(3) Motion to suppress evidence, including but not limited to statements and identification testimony, on the ground that it was illegally obtained. Such motions shall be filed in the trial court only.

The motion must be filed within 35 days after arraignment or seven days before trial, whichever is earlier. Crim.R. 12(D). In order to preserve a suppression issue for appeal, it must first be raised in the trial court. *State v. Wade*, 53 Ohio St.2d 182, 189-190, 373 N.E.2d 144 (1978), vacated in part on other grounds, *Wade v. Ohio*, 438 U.S. 911, 98 S.Ct. 3138, 57 L.Ed. 2d 1157 (1978). Since Kumpfel failed to litigate the issue of his allegedly

coerced confession by means of a pretrial suppression motion, the issue is waived for purposes of appeal.

{¶ 6}    Regarding his claim of ineffective assistance of counsel, according to Kumpfel, "there is no evidence that the trial defense counsel challenged the constitutional sufficiency of the evidence relating to the interview of the Defendant-Appellant on November 2, 2010." Kumpfel admits that "although Miranda rights were clearly and dutifully read to [him], he was led to believe that he was not * * * in custody; let alone under arrest. Therefore he would reasonably have been less likely to perceive a legal concern causing him to request legal representation." According to Kumpfel, "[c]hallenges relating to coercion and perhaps other grounds should have been raised for review and ruling."

{¶ 7}    As this Court has previously noted:

We review the alleged instances of ineffective assistance of trial counsel under the two prong analysis set forth in *Strickland v. Washington* (1984), 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674, and adopted by the Supreme Court of Ohio in *State v. Bradley* (1989), 42 Ohio St.3d 136, * * *. Pursuant to those cases, trial counsel is entitled to a strong presumption that his or her conduct falls within the wide range of reasonable assistance. *Strickland*, 466 U.S. at 688. To reverse a conviction based on ineffective assistance of counsel, it must be demonstrated that trial counsel's conduct fell below an objective standard of reasonableness and that his errors were serious enough to create a reasonable probability that, but for the errors, the result of the trial would have been different. *Id.* Hindsight is not permitted to distort

the assessment of what was reasonable in light of counsel's perspective at the time, and a debatable decision concerning trial strategy cannot form the basis of a finding of ineffective assistance of counsel. (Internal citation omitted). *State v. Mitchell*, 2d Dist. Montgomery No. 21957, 2008-Ohio-493, ¶ 31.

{¶ 8} As this Court has further previously determined:

* * * [T]he failure to suppress evidence may have a prejudicial impact on a jury verdict based on the jury's consideration of the unsuppressed evidence. It will not have a prejudicial impact on a conviction based upon a no-contest plea, however, because the conviction does not result from the unsuppressed evidence, but from the defendant's admission, by his plea, of the facts alleged in the complaint. Thus, a failure to suppress evidence resulting from a deficiency in trial counsel's legal representation will not satisfy the prejudice prong of * * * *Strickland v. Washington* * * *. *State v. Fitzgerald*, 2d Dist. Greene No. 2001-CA-124, 2002-Ohio-3914, ¶ 44.

An exception exists "with respect to a claim that the particular failure alleged impaired the defendant's knowing and intelligent waiver of his right to a trial." *State v. Winterbotham*, 2d Dist. Greene No. 05CA100, 2006-Ohio-3989, ¶ 40. In other words, since Kumpfel pled no contest, defense counsel's conduct must be such that the plea itself is rendered unknowing and involuntary.

{¶ 9} According to Kumpfel, "Miranda rights were clearly and dutifully read to [him]," and he does not deny that he was advised that he had the right to remain silent, that anything he said would be used against him, that he had the right to have a lawyer present in

the interview, and a right to stop the interview at any time. Other than his conclusory statements regarding coercion on the part of his interviewers, there is no evidence in the record from which we can determine that defense counsel's failure to seek suppression of his confession fell below an objective standard of reasonableness, resulting in prejudice, and we strongly presume that defense counsel's conduct fell within the wide range of reasonable assistance. Further, after a review of the plea hearing, we cannot conclude that defense counsel's failure to file a motion to suppress rendered Kumpfel's no contest plea unknowing and involuntary.

{¶ 10} The following exchange occurred at the plea hearing:

THE COURT: * * * The parties have presented the Court with a written plea agreement. * * * Did you want to just repeat for the record what the terms were?

MR. PICEK: * * * The defendant will enter a plea of no contest to Count Two, failure to stop after an accident causing the death of another, a felony of the third degree.

In exchange for that plea the state would dismiss Count One, tampering with evidence, a felony of the third degree. The parties would request a presentence investigation be completed prior to sentencing.

THE COURT: * * * Did you want to place a factual statement on the record?

MR. PICEK: On September [4], 2010, in Clark County, Ohio, the defendant, Greg Kumpfel, was operating a 1992 Buick northbound on Lake

Road in Clark County, Ohio at approximately 11:30 in the evening.

The vehicle driven by the defendant struck and killed Robin Shawver as she was crossing Lake Road and Beach Street. The Defendant had knowledge of the collision and did not stop his vehicle and left the scene of the collision.

THE COURT: Is that your understanding of the agreement, Mr. Marshall?

MR. MARSHALL: Yes, it is, Judge. At this time Mr. Kumpfel would withdraw his former pea of not guilty. He would enter a plea of no contest and stipulate to a finding of guilty, failure to stop after an accident, a felony of the third degree.

He would be doing that with the understanding that the tampering with evidence charge, also a felony of the third degree, will be dismissed. * * *

THE COURT: Is that what you want to do this morning, Mr. Kumpfel?

THE DEFENDANT: Yes, sir.

THE COURT: Are you under the influence of any drugs, alcohol or medication this morning?

THE DEFENDANT: No, sir.

THE COURT: Are you a United States citizen?

THE DEFENDANT: Yes, sir.

THE COURT: Is this your signature on this written plea document?

THE DEFENDANT: Yes, sir.

THE COURT: Did you have a chance to go over this document with your lawyer?

THE DEFENDANT: Yes, sir.

THE COURT: Did you understand everything in it?

THE DEFENDANT: Yes, sir.

THE COURT: In exchange for your plea of no contest to Count Two the State of Ohio has agreed to dismiss Count One, and they've agreed to a presentence investigation. Has there been any other promises made to you to get you to enter this plea?

THE DEFENDANT: No.

THE COURT: Has anyone threatened you to get you to enter this plea?

THE DEFENDANT: No.

THE COURT: Are you pleading no contest voluntarily?

THE DEFENDANT: Yes, sir.

{¶ 11} The court then described the nature of the offense to which Kumpfel entered his plea, and Kumpfel indicated his understanding thereof. The also court explained that the maximum penalty for the offense is five years, and Kumpfel indicated his understanding. The court further described mandatory post release control upon Kumpfel's release from prison, along with the consequences for failure to comply therewith, and Kumpfel again

indicted his understanding.

{¶ 12}   The following exchange then occurred:

THE COURT: Do you understand that you have the right to a trial in this case?

THE DEFENDANT: Yes, sir.

THE COURT: At that trial you would have the right to require the State to prove beyond a reasonable doubt each and every element of the offense to which you are pleading no contest and you could only be convicted upon the unanimous verdict of a jury.   You would have the right to confront witnesses who would testify against you and your attorney could cross-examine those witnesses.

You would have the right to use the Court's subpoena power to compel the attendance of witnesses on your behalf and you would also have the right to testify, but you could not be forced to do so.   Do you understand those rights?

THE DEFENDANT: Yes.

THE COURT: By pleading no contest you would be giving up all of these rights that we've gone over.   Are you telling the Court that you want to give those rights up and plead no contest to failure to stop?

THE DEFENDANT: Yes, sir.

THE COURT: The Court finds that the defendant has knowingly, voluntarily, intelligently waived his rights and entered a plea of no contest to

that offense.

Based upon his plea, the statement of facts placed on the record by the State of Ohio, the Court's review of the case file, and the stipulation of the parties, I find the defendant guilty of that offense.

{¶ 13}   The plea form signed by Kumpfel provides in part, "I understand the nature of these charges and the possible defenses I might have.  I am satisfied with my attorney's advice and competence.  I am not under the influence of drugs or alcohol.  No threats have been made to me.  No promises have been made except as part of this plea agreement."

{¶ 14}   Since Kumpfel's conviction resulted from his no contest plea, and not from his confession, and since Kumpfel has provided no evidence that defense counsel's failure to seek suppression of the confession compromised the knowing and voluntary nature of his plea, ineffective assistance of counsel is not demonstrated.

{¶ 15}   For the forgoing reasons, Kumpfel's assigned errors are overruled, and the judgment of the trial court is affirmed.

. . . . . . . . . .

HALL, J., concurs.

GRADY, P.J., concurring:

{¶ 16}   A claim of ineffective assistance of counsel does not lie in a direct appeal from a criminal conviction "where the allegations   of ineffectiveness are based on facts not appearing of record."  *State v. Cooperrider*, 4 Ohio St.3d 226, 228, 448 N.E.2d 452 (1983).  In that event, relief is limited to an R.C. 2953.21 petition for postconviction relief.  *Id*.  The facts concerning Defendant's interview by police on which his claim of ineffective

assistance is predicated are not of record in this proceeding. Therefore, his claim of ineffective assistance cannot lie.

{¶ 17}    *Miranda* warnings, when properly given, are prima facie proof that an accused waived his Fifth Amendment right against self-incrimination. However, the waiver must be voluntary. The waiver is not voluntary when the accused's will was overborne and his capacity for self-determination was critically impaired because of coercive police conduct. *State v. Petitjean*, 140 Ohio App.3d 517, 748 N.E.2d 133 (2d Dist. 2000). Such coercion is a violation of the accused's Fifth and Fourteenth Amendment right to due process and an independent basis to suppress evidence of any incriminating statements. *Dickerson v. United States*, 530 U.S. 428, 120 S.Ct. 2326, 147 L.Ed.2d 405 (2000).

{¶ 18}    Defendant's plea of no contest to the violation of R.C. 4549.02(A) charged in the indictment was an admission of the facts alleged in the indictment in support of the charge. Crim.R. 11(B)(2). On direct appeal from a resulting conviction, our review is limited to any error in the plea proceeding and any other error that prejudiced the defendant's substantial rights, Crim.R. 52(A), and which was also preserved for appellate review.

{¶ 19}    Defendant does not argue that error occurred in the proceeding on his no contest plea. He does argue that he was prejudiced by police conduct during his interview. However, Defendant's failure to move to suppress any statements he made pursuant to Crim.R. 12(A)(1)(c) waives the error he assigns. Our review is then limited to plain error. Plain error does not exist unless it can be said that but for the error, the outcome of the trial would have been otherwise. *State v. Long*, 53 Ohio St.3d 91, 372 N.E.2d 804 (1978).

{¶ 20}    Even assuming as true Defendant's claim that he was told that he was not

under arrest when he was interviewed, no plain error is demonstrated. Police may not then have effected a formal arrest, but even if the circumstances of Defendant's interview were the functional equivalent of arrest, the *Miranda* warnings that were given preclude a finding that Defendant's Fifth Amendment rights were violated.

{¶ 21} Neither does Defendant's claim portray coercion, much less coercion necessary for a due process violation. The totality of the circumstances of the alleged coercion must demonstrate that the defendant's will was overborne. In *Petitjean*, we held that promises of probation made to a homicide offense suspect were sufficient to render his confession to the crime involuntary. Defendant's claim that his capacity for self-determination in deciding to waive his *Miranda* rights was critically impaired by coercion in the form of the statement that he was not then under arrest does not rise to the level of coercion necessary to find a due process violation.

. . . . . . . . . .

Copies mailed to:

Lisa M. Fannin
Mark J. Bamberger
Hon. Douglas M. Rastatter