[Cite as *State v. Bowshier*, 2016-Ohio-8184.]

**IN THE COURT OF APPEALS OF OHIO**
**SECOND APPELLATE DISTRICT**
**CLARK COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | Appellate Case No. 2016-CA-17 |
| Plaintiff-Appellee | : | |
| | : | Trial Court Case No. 2015-CR-383 |
| v. | : | |
| | : | (Criminal Appeal from |
| HEATHER BOWSHIER | : | Common Pleas Court) |
| | : | |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 16th day of December, 2016.

. . . . . . . . . . .

MEGAN M. FARLEY, Atty. Reg. No. 0088515, Clark County Prosecutor's Office, 50 East Columbia Street, Suite 449, Springfield, Ohio 45502
        Attorney for Plaintiff-Appellee

CHARLES W. SLICER, III, Slicer Law Office, 111 West First Street, Suite 518, Dayton, Ohio 45402
        Attorney for Defendant-Appellant

. . . . . . . . . . . . .

FAIN, J.

{¶ 1} Defendant-appellant Heather Bowshier appeals from her conviction for Burglary and Aggravated Burglary. She contends that her conviction is against the manifest weight of the evidence, and that the State failed to present evidence sufficient

to sustain the conviction. She further claims that she was denied the effective assistance of counsel. Finally, Bowshier contends that the trial court abused its discretion in imposing sentence.

{¶ 2} We conclude that Bowshier has not demonstrated ineffective assistance of counsel. However, we conclude that her convictions for Aggravated Burglary, and for Burglary under R.C. 2911.12(A)(1), are not supported by sufficient evidence, because there is no evidence in the record that someone other than Bowshier or her accomplice was present in the premises at the time of the offense. Finally, we conclude that any alleged error in Bowshier's sentence is moot.

{¶ 3} Accordingly, that part of the judgment of the trial court convicting Bowshier of Aggravated Burglary and of Burglary in violation of R.C. 2911.12 (A)(1) is Reversed, that part of the judgment of the trial court convicting Bowshier of Burglary in violation of R.C. 2911.12(A)(2) is Affirmed, and this cause is Remanded for re-sentencing in accordance with this opinion.

## I. Trespass leads to Burglary Conviction

{¶ 4} On July 1, 2015, Bowshier and her friend, Cheri Farmer, entered the apartment of Saira House. Upon returning from shopping, House immediately noticed that the front door was open, but the security chain was fastened inside the apartment, preventing her from entering. House left the door ajar, and went down a flight of stairs to the second floor of the building, where she used her cellular telephone to call her neighbor, Jeremy Denny.

{¶ 5} Denny went down to the second floor hallway to check on House, and told

her to remain there.   He then went back up to the third floor where he observed that House's apartment door was open about two inches.   He observed the door shut, and heard what he believed to be the dead bolt being operated.   About two minutes later, Denny observed two women exiting the apartment.   He grabbed a black bookbag being carried by one woman, later identified as Bowshier, in an attempt to stop her from leaving. Denny told Bowshier that he knew she did not live there, and that the police were on their way.   At that point, Bowshier punched Denny in the face, at which time he "knee'd her out of instinct."   Tr. p. 195.   According to Denny, Bowshier then told him she had a gun, so he backed away.

{¶ 6} In the meantime, House had called 911, and was speaking with the dispatcher.   She returned to the stairwell off the third floor, where she observed the back of a woman running down the hall.   She also observed Denny confront Bowshier. House recognized Bowshier, who was dating House's ex-boyfriend.   Denny then returned to the stairwell where House was standing.   House remained on the phone with a dispatcher while she and Denny went to Denny's apartment where they were able to observe Bowshier running out of the building.   They then observed a vehicle leave the complex parking lot.

{¶ 7} Following an investigation, Bowshier and Farmer were identified as the perpetrators.

## II. The Course of Proceedings

{¶ 8} Bowshier was indicted on one count of Aggravated Burglary (Physical Harm) in violation of R.C. 2911.11(A)(1); one count of Aggravated Burglary (Deadly Weapon) in

violation of R.C. 2911.11(A)(2); one count of Burglary in violation of R.C. 2911.12(A)(1); and one count of Burglary in violation of R.C. 2911.12(A)(2). Following a jury trial, she was convicted on all counts except Aggravated Burglary (Deadly Weapon).

{¶ 9} The trial court merged the three convictions, and the State elected to have Bowshier sentenced for the conviction of Aggravated Burglary. After considering a pre-sentence investigation report and conducting a sentencing hearing, the trial court sentenced Bowshier to a five-year term of imprisonment.

{¶ 10} From the judgment of the trial court, Bowshier appeals.

### III. Bowshier Was Not Denied the Effective Assistance of Counsel

{¶ 11} Bowshier's Second Assignment of Error states:

COUNSEL FOR THE DEFENDANT WAS INEFFECTIVE AS SHE DID NOT ADVISE HER CLIENT OF HER RIGHT TO TESTIFY IN HER OWN DEFENSE AND FURTHER, COUNSEL FOR DEFENDANT DID NOT ADEQUATELY OBJECT TO THE IN-COURT IDENTIFICATION.

{¶ 12} Bowshier contends that her counsel was ineffective by failing to advise her of the right to testify in her own defense, and by failing to make proper objections to her in-court identification by the victim, House.

{¶ 13} "Ineffective assistance of counsel allegations are reviewed de novo to determine if the counsel's deficient performance prejudiced the outcome. To reverse a decision based on ineffective assistance, the record must support a finding that defense counsel's performance was deficient, and that a reasonable probability exists that, but for counsel's omissions, the resulting outcome would have been different." *State v. Williams*,

2d Dist. Montgomery No. 26369, 2016-Ohio-322, ¶ 20.

{¶ 14} We have recognized that "the right to testify is an inherently personal right and is exercised or waived by the client, not the attorney." *State v. Copeland*, 2d Dist. Montgomery No. 18711, 2002 WL 63161, *2 (Jan. 18, 2002). We recently addressed such a claim of ineffective assistance of counsel by stating that "[a]lthough the ultimate decision whether to testify rests with the defendant, when a tactical decision is made not to have the defendant testify, the defendant's assent is presumed." *State v. Matzdorff*, 2d Dist. Montgomery No. 26370, 2015-Ohio-901, ¶ 23.

{¶ 15} We have also stated that "a claim of ineffective assistance of counsel does not lie in a direct appeal from a criminal conviction 'where the allegations of ineffectiveness are based on facts not appearing of record.' " *State v. Kumpfel*, 2d Dist. Clark No. 11-CA-45, 2012-Ohio-1980, ¶16 (Grady P.J., concurring), citing *State v. Cooperrider*, 4 Ohio St.3d 226, 228, 448 N.E.2d 452 (1983). "Absent evidence to the contrary, the appellate court must presume that a defendant-appellant's failure to testify was the result of his knowing and intelligent decision." *Copeland, supra* at *3, citing State v. Carter,* 115 Ohio App.3d 770, 776, 686 N.E.2d 329 (7th Dist.1996).

{¶ 16} Since Bowshier has presented no evidence to counter the presumption that her failure to testify was the result of her own knowing and intelligent decision, we presume that Bowshier was appropriately counseled by her attorney, that she made the decision not to testify, and that her trial counsel was not ineffective for complying with her client's election not to testify.

{¶ 17} With regard to the in-court identification, both House and Denny identified Bowshier as the person they saw outside of House's apartment. Bowshier complains

that the State asked House leading questions regarding the identification of Bowshier. However, identification of Bowshier was also supported by the testimony of the investigating officers who prepared and administered an identification process through the use of a standard six-person photo array shown to House and Denny. Both positively identified Bowshier on the photo arrays as the person seen in their apartment building. No objection was made to the photo-array identification process, and no error regarding that process has been asserted on appeal.

{¶ 18} "The law is clear, however, that where the in-court identification is based upon independent recollection and observation rather than the suggestive procedure, it is proper for the court to allow the in-court identification." *State v. Jones*, 8th Dist. Cuyahoga No. 38333, 1979 WL 209948, *3 (Feb. 8, 1979), citing *State v. Jackson,* 26 Ohio St.2d 74, 269 N.E.2d 118 (1971); *Simmons v. United States,* 390 U.S. 377, 88 S.Ct. 967, 19 L.Ed.2d 1247 (1968). "The test to be used in determining the 'independent recollection' of the observer is to consider the total circumstances surrounding the observation." *Id.*

{¶ 19} In the case before us, the totality of the circumstances demonstrates that House already knew Bowshier because of Bowshier's relationship with House's former boyfriend. House recognized Bowshier when she saw her outside of the apartment, and she identified Bowshier during the investigation from a photo array. Based upon these facts, we conclude that Bowshier has not shown that she was prejudiced by her counsel's failure to object to House's in-court identification.

{¶ 20} We conclude that the record does not establish that Bowshier received ineffective assistance of counsel. Her Second Assignment of Error is overruled.

## IV.   Bowshier's Aggravated Burglary Conviction Is Not Supported

## by Sufficient Evidence

**{¶ 21}** Bowshier's Third Assignment of Error states:

THE TRIAL COURT ERRED WHEN IT FOUND APPELLANT GUILTY OF AGGRAVATED BURGLARY AS SUCH A FINDING IS AGAINST THE MANIFEST AND/OR SUFFICIENT WEIGHT OF THE EVIDENCE AND THE EVIDENCE PRESENTED WAS INSUFFICIENT TO SUPPORT THE CONVICTION.

**{¶ 22}** Bowshier contends that the conviction for Aggravated Burglary must be vacated because it is not supported by sufficient evidence.

**{¶ 23}** To determine whether a conviction is against the manifest weight of the evidence, an appellate court reviews the evidence to "determine whether the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." *State v. Thompkins,* 78 Ohio St.3d 380, 387, 678 N.E.2d 541 (1997).   In contrast, when determining whether a conviction is supported by the sufficiency of the evidence, "the relevant inquiry is whether any rational factfinder viewing the evidence in a light most favorable to the state could have found the essential elements of the crime proven beyond a reasonable doubt." *State v. Dennis,* 79 Ohio St.3d 421, 430, 683 N.E. 2d 1096 (1997), citing *Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979).

**{¶ 24}** In her brief, Bowshier makes a general assertion, without argument, that her conviction for Aggravated Burglary, in violation of R.C. 2911.11(A)(1), is not supported

by the evidence. That statute provides that "[n]o person, by force, stealth, or deception, shall trespass in an occupied structure or in a separately secured or separately occupied portion of an occupied structure, when another person other than an accomplice of the offender is present, with purpose to commit in the structure or in the separately secured or separately occupied portion of the structure any criminal offense, if * * * the offender inflicts, or attempts or threatens to inflict physical harm on another." Similarly, the offense of Burglary under R.C. 2911.12(A)(1), also requires proof of a trespass in an occupied structure, "when another person other than an accomplice of the offender is present." By contrast, the offense of Burglary under R.C. 2911.12(A)(2), requires merely proof of a trespass in an occupied structure, "when any person other than an accomplice of the offender is present *or likely to be present.*" (Emphasis added). The difference between proving that someone is present or likely to be present is significant, and requires different evidence.

{¶ 25} An "occupied structure" is defined as any house or building that is maintained as a permanent or temporary dwelling or habitation whether or not any person is actually present. R.C. 2909.01(C).

{¶ 26} As noted by the Eighth District Court of Appeals, in *State v. Butler*, 8th Dist. Cuyahoga No. 97649, 2012-Ohio-4152, ¶ 8:

> The unlawful-entry-in-a-dwelling offenses – aggravated burglary, burglary, and breaking and entering – prohibit the same conduct (trespassing in a structure with the intent to commit a criminal offense) and differ only on the risk of harm the actions pose. The most serious of the offenses – aggravated burglary – requires the offender to be armed or

requires that he inflicts, attempts to inflict, or threatens to inflict harm on another. *See* R.C. 2911.11. The intermediate offense – burglary – presents a less serious scenario than aggravated burglary because it does not entail the use of a weapon or threat or infliction of harm, yet can still pose a risk of harm when a person is present or likely to be present. *See* Committee Comment to R.C. 2911.12 (burglary "is viewed as serious, because of the higher risk of personal harm involved in maliciously breaking and entering an occupied, as opposed to an unoccupied, structure." Breaking and entering is the least serious in the hierarchy because a trespass in an unoccupied structure carries a "comparatively low risk of personal harm[.]" *See* Committee Comment to R.C. 2911.13.

**{¶ 27}** No one was in the apartment when Bowshier and Farmer entered it using the key that House testified she had given to her ex-boyfriend. When House arrived at her apartment and realized it was occupied, she retreated to another floor, and remained away from the apartment until it was empty. At no time was anyone other than Bowshier and Farmer present in the apartment while the trespass was occurring, thereby reducing the risk of harm.[1] Thus, the record contains facts sufficient to establish the trespass of an occupied structure, but the facts do not support the element of a person's presence in the occupied structure during the trespass, required by R.C. 2911.11(A).

**{¶ 28}** The State argues that House was present at the time of the incident. Thus,

---

[1] Denny's decision to await the perpetrators in the hallway does not cause the offense to escalate to the level of Aggravated Burglarly. It was his decision to place himself in possible danger by confronting the defendants, rather than merely retreating and calling the police. We do not suggest that House could not have been charged with a different offense, such as Assault, against Denny.

the question arises whether House's presence in the hallway or stairwell inside the apartment building during the trespass is sufficient to meet the elements of the two offenses that require a person's presence. One court in Ohio has held that, for purposes of Burglary under R.C. 2911.12(A)(2) [present or likely to be present], the common area between apartments, including a hallway, is a portion of the occupied structure or part of a habitation, when the hallway is not open to the public, and only accessible by use of a key. *State v. Grant*, 8th Dist. Cuyahoga No. 94220, 2010-Ohio-5483, ¶ 20. However, the theft in that case involved items stored in the hallway. *Id.*, ¶ 2. Furthermore, the case suggests that the hallway was shared by only two apartments. *Id.* *Grant* was limited to a violation of R.C. 2911.12(A)(2), which only requires the likelihood of another's presence, and was not extended to Aggravated Burglary. Therefore, we find *Grant* distinguishable from the facts herein because, although House testified that the hallway of the apartment complex could not be entered without the use of a key, the evidence also demonstrates that the halls are accessible from each apartment located on every floor of the building.

{¶ 29} We agree with the Eighth District, which stated in *State v. Butler*, 8th Dist. Cuyahoga No. 97649, 2012-Ohio-4152, a case issued two years after *Grant*:

> The state argues that the victim lived in a duplex that had a common hallway with stairs going up to the door to the witness's apartment and that Butler's entry into the victim's apartment would allow him access to the common hallway and stairway leading to the witness's apartment. This evidence, the state maintains, was sufficient to show that the witness was present at the time of burglary and could have been the object of harm as a result of the break-in.

We have rejected this same argument as being too broad. To highlight its fragility, in *State v. Colon*, 8th Dist. No. 61253, 1992 WL 389074 (Dec. 17, 1992), we gave as an example a high-rise apartment complex that has shared common halls with doors to any number of individual apartments. Taking the state's argument to its logical conclusion would suggest that, as long as any person in the entire high-rise building was present in his or her own apartment, a trespass in an apartment where a person was not present or likely to be present would be sufficient to establish the elements of burglary under R.C. 2911.12(A)(2).

*Id.*, ¶ 13 – 14.

{¶ 30} Without sufficient evidence to prove all elements of the offenses of Aggravated Burglary and Burglary under R.C. 2911.12(A)(1), we conclude that Bowshier's convictions for these two offenses must be reversed.

{¶ 31} The reversal of the convictions for the offenses of Aggravated Burglary, and for Burglary under R.C. 2911.12(A)(1), does not affect the conviction for Burglary under R.C. 2911.12(A)(2). The record does contain sufficient evidence to support all the elements of Burglary under R.C. 2911.12(A)(2), including the element that the trespass occurred when House was present or likely to be present. We have recognized that "the 'likely to be present' element is satisfied where the structure is a permanent dwelling house which is regularly inhabited, the occupants were in and out of the house on the day in question, and the occupants were temporarily absent when the burglary occurred." *State v. Miller*, 2d Dist. Clark No. 2006 CA 98, 2007-Ohio-2361, ¶ 16, citing *State v. Kilby,*

50 Ohio St.2d 21, 23, 361 N.E.2d 1336 (1977); *State v. Fowler,* 4 Ohio St.3d 16, 19, 445 N.E.2d 1119 (1983). In the case before us, the evidence supported a finding that the apartment was occupied as a principal dwelling, and that House was out shopping at the time the trespass was initiated, and was not gone for any extended length of time.

{¶ 32} Based on the insufficiency of evidence, Bowshier's Third Assignment of Error is sustained, and the convictions for Aggravated Burglary and for Burglary under R.C. 2911.12(A)(1) are reversed, resulting in a remand for the purpose of resentencing on the remaining Burglary conviction.

**V. Bowshier's Assignment of Error Challenging her Sentence Is Moot**

{¶ 33} Bowshier's First Assignment of Error provides as follows:

THE TRIAL COURT COMMITTED ABUSE OF DISCRETION WHEN IT IMPOSED A FIVE (5) YEAR SENTENCE, DID NOT REVIEW/CONSIDER THE FACTORS CONTAINED IN O.R.C. 2929.11 OR 2929.12 AND DID NOT CONSIDER THE CO-DEFENDANT'S SENTENCE OR COMMUNITY CONTROL.

{¶ 34} Bowshier contends that the trial court committed error when it imposed a five-year sentence for Bowshier, while Farmer, who was tried jointly, only received a one-year sentence.

{¶ 35} As explained above, Bowshier's convictions for Aggravated Burglary, and for Burglary under R.C. 2911.12(A)(1), are being reversed based on the insufficiency of the evidence. Until Bowshier is resentenced based on her conviction for Burglary in violation of R.C. 2911.12(A)(2), a second-degree felony, it is premature to address any

error in sentencing. Should Bowshier choose to appeal after her resentencing, we can then review the trial court's application of all statutory sentencing guidelines.

{¶ 36} Bowshier's First Assignment of Error is overruled as moot.

## VI. Conclusion

{¶ 37} Bowshier's Third Assignment of Error having been sustained, her Second Assignment of Error having been overruled, and her First Assignment of Error having been overruled, that part of the judgment of the trial court convicting Bowshier of Aggravated Burglary and Burglary under R.C. 2911.12(A)(1), and sentencing Bowshier for Aggravated Burglary is Reversed, Bowshier's conviction for Burglary under R.C. 2911.12(A)(2) is Affirmed, and this cause is Remanded for resentencing in accordance with this opinion.

. . . . . . . . . . . . .

DONOVAN, P.J., and FROELICH, J., concur.

Copies mailed to:

Megan M. Farley
Charles W. Slicer, III
Hon. Douglas M. Rastatter