[Cite as *State v. Goins*, 2021-Ohio-1299.]

# COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

STATE OF OHIO,                          :

    Plaintiff-Appellee,                  :

                           No. 109497

          v.                               :

JUSTIN GOINS,                           :

    Defendant-Appellant.                 :

---

## JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED IN PART, REVERSED IN PART,
              AND REMANDED
**RELEASED AND JOURNALIZED:** April 15, 2021

---

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-19-642616-A

---

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Callista Plemel, Assistant Prosecuting Attorney, *for appellee.*

Susan J. Moran, *for appellant.*

MICHELLE J. SHEEHAN, J.:

{¶ 1} Defendant-appellant Justin Goins broke into his sister's residence while she and her family were away on vacation. He was indicted for burglary, in violation of R.C. 2911.12(A)(2), a felony of the second degree, and a related theft

offense. After a bench trial, Goins was convicted of the second-degree felony burglary offense as charged and the related theft offense. He received an indefinite prison term of six to nine years for his offenses. On appeal, Goins raises the following two assignments of error for our review:

I.	The trial court erred by denying appellant's motion for acquittal pursuant to Crim.R. 29 when the state failed to submit sufficient evidence for the essential elements of the crime charged denying the appellant of due process.

II.	Appellant's convictions are against the manifest weight of the evidence.

{¶ 2} After a review of the record and applicable law, we conclude the state failed to present evidence to prove all the essential elements of a second-degree felony burglary offense as defined in R.C. 2911.12(A)(2), but find the evidence presented supported a conviction of a lesser-included third-degree felony burglary offense as defined in R.C. 2911.12(A)(3).

**Trial Testimony**

{¶ 3} Goins and Octavia Goins-Caldwell ("victim") are siblings. On July 2, 2019, while the victim was on a trip to Alabama to visit family with her husband and children, as well as the victim and Goins's parents, her residence was burglarized. While still in Alabama, she received a phone call from Catherine Houze, Goins's former fiancé and mother of his child, informing her Goins had broken into her home. The victim and her family returned home to find it burglarized. At trial, she described her home to have been "destroyed." The kitchen window lock was broken,

the windows were pried open, clothes were thrown all over, and there was a hole in the bathroom door.

{¶ 4} The victim testified that the night before she left for Alabama, she saw Goins at their mother's house and he wished her a safe trip. She did not ask Goins to take care of her residence while she was away, nor did she give him permission to be in her residence.

{¶ 5} Among the items stolen were two televisions, jewelry, including a family ring, money, the victim's son's Nintendo game system, and a Bluetooth speaker. Houze subsequently returned the game system and the speaker to the victim. With Houze's help, the victim was also able to retrieve her televisions from two gas stations where Goins had sold the televisions. The victim also testified that Goins wrote her a letter, stating "he had lost his money [on] drugs." The day the victim called the police to report the burglary, Goins told her he was on his way to bring her money.

{¶ 6} Houze has a daughter with Goins but their relationship was strained by her allegation of his infidelity. She testified that Goins came to her house one night in July 2019 and tried to give a game system to her ten-year-old sister. He also had a Bluetooth speaker with him at the time. On that day, he put two televisions in her vehicle and asked her to drive him to gas stations to sell them. It is unclear from Houze's testimony how that came about — she testified that she was driving around looking for him after he left her house and came upon him walking in the street while carrying two televisions.

**{¶ 7}** Houze drove Goins to two gas stations in East Cleveland, and he sold the televisions there; at one point, Goins told Houze he had broken into his sister's house and took her televisions. Her testimony, however, was inconsistent as to the sequence of these two events

**{¶ 8}** Houze then called the victim about all the suspicious items and the victim confirmed they were hers. When the victim returned, Houze gave the game system and the Bluetooth speaker back to her and also took her to the gas stations to retrieve her televisions.

**{¶ 9}** Houze testified that Goins punched her in the face when he learned she had told the victim he had broken into her home while she was away. She also testified that Goins sent her a letter from the prison asking her not to testify against him in this case and threatening to incriminate her for receiving stolen property. The letter was admitted as an exhibit.

**{¶ 10}** The defense did not present any witnesses, but claimed that the state's evidence only showed Goins sold some stolen items but did not show Goins burglarized the victim's home. The defense claimed the state's evidence was consistent with Houze being the offender in the burglary incident.

**{¶ 11}** The trial court found Goins guilty of a second-degree felony of burglary offense and a first-degree misdemeanor of theft offense. At sentencing, the victim and Goins's mother addressed the court, stating that Goins had broken into family members' home for years and she wanted her son to be punished for his conduct. Before sentencing Goins, the trial court reviewed his PSI, which indicated

that he had several prior convictions and had been in violation of his community control sanctions. The court sentenced Goins to a minimum of six years and a maximum of nine years for the burglary offense and a concurrent six-month jail term for the theft offense.

{¶ 12} On appeal, Goins claims the state failed to present sufficient evidence to prove all the essential elements of the second-degree burglary and his convictions of the burglary and theft offenses were against the manifest weight of the evidence.

**Standard for Reviewing Claims of Sufficiency and Manifest Weight of the Evidence**

{¶ 13} When reviewing a challenge to the sufficiency of the evidence, we review the evidence admitted at trial and "determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt." *State v. Jenks*, 61 Ohio St.3d 259, 574 N.E.2d 492 (1991), paragraph two of the syllabus. "The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." *Id.* A reviewing court is not to assess "whether the state's evidence is to be believed, but whether, if believed, the evidence against a defendant would support a conviction." *State v. Thompkins*, 78 Ohio St.3d 380, 390, 678 N.E.2d 541 (1997).

{¶ 14} While the test for sufficiency requires a determination of whether the state has met its burden of production at trial, a manifest weight challenge questions whether the state has met its burden of persuasion. *Thompkins* at 390. Unlike

challenges on sufficiency of the evidence, which raise a question of law, manifest weight challenges raise factual issues.  When a defendant asserts that his conviction is against the manifest weight of the evidence, the court,

> "reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. The discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction."

*Id.* at 387, quoting *State v. Martin*, 20 Ohio App.3d 172, 175, 485 N.E.2d 717 (1st Dist.1983).

**Sufficiency of Evidence: The Element of Likely Presence**

{¶ 15} Under the first assignment of error, Goins argues there is insufficient evidence presented by the state to prove his guilt of a second-degree felony burglary offense as defined in R.C. 2911.12(2).  Specifically, he argues the state did not present evidence to prove that a person is  "likely to be present" in the occupied structure when the burglary occurs.

{¶ 16} R.C. 2911.12 defines burglary and distinguishes a second-degree felony burglary from a third-degree felony burglary.  The statute states, in pertinent part:

> (A) No person, by force, stealth, or deception, shall do any of the following:
>
> * * *

(2) Trespass in an occupied structure or in a separately secured or separately occupied portion of an occupied structure that is a permanent or temporary habitation of any person when any person other than an accomplice of the offender *is present or likely to be present*, with purpose to commit in the habitation any criminal offense;

(3) Trespass in an occupied structure or in a separately secured separately occupied portion of an occupied structure, with purpose to commit in the structure or separately secured or separately occupied portion of the structure any criminal offense.

(Emphasis added.)

{¶ 17} A violation of section (A)(2) is a felony of the second degree, and a violation of section (A)(3) is a felony of the third degree. R.C. 2911.12(D).

{¶ 18} The issue in this case is whether the evidence presented by the state is sufficient to prove Goins's guilt of a second-degree burglary as defined in R.C. 2911.12(A)(2); more specifically, whether the evidence is sufficient to prove the element of "likely to be present" when the occupant was away for an extended period of time, such as on vacation. A review of the case law indicates this issue has been well settled.

{¶ 19} "[I]n determining whether persons are likely to be present under R.C. 2911.12(A)(2), what the defendant knows at the time is irrelevant; rather, the issue is whether it was objectively likely that persons were likely to be there." *State v. Watkins*, 8th Dist. Cuyahoga No. 97783, 2012-Ohio-4279, ¶ 14, citing *State v. Dewitt*, 3d Dist. Allen No. 1-09-25, 2009-Ohio-5903, and *State v. Pennington*, 12th Dist. Warren No. CA2006-11-136, 2007-Ohio-6572. "'[A] person is likely to be present when a consideration of all the circumstances would seem to justify a logical

expectation that a person could be present.'" *Id.* at ¶ 14, quoting *State v. Cantin*, 132 Ohio App.3d 808, 813, 726 N.E.2d 565 (8th Dist.1999).

{¶ 20} "Courts have determined that the evidence is insufficient for the 'likely to be present' element when the occupant of the home was absent for an extended period, such as on vacation and no one else was regularly checking on the house." *State v. Smith*, 8th Dist. Cuyahoga No. 91715, 2010-Ohio-1655, ¶ 20. "When a resident is on vacation when the burglary occurs, courts have looked at the schedule and intention of the resident, specifically circumstances demonstrating whether it was likely that the resident could abruptly return, or another person could have been present." *State v. Smith*, 1st Dist. Hamilton No. C-180151, 2019-Ohio-5264, ¶ 37.

{¶ 21} For example, when the occupants are away on vacation but have given others such as a neighbor permission to access the home regularly, this is sufficient evidence to show that a person is "likely to be present" for purposes of R.C. 2911.12(A)(2) and supports a second-degree felony burglary offense. *Watkins* at ¶ 15, citing *State v. Cochran*, 8th Dist. Cuyahoga No. 50057, 1986 Ohio App. LEXIS 5481 (Jan. 30, 1986), and *State v. Robinson*, 8th Dist. Cuyahoga Nos. 49501, 49518, and 49577, 1985 Ohio App. LEXIS 9055 (Oct. 24, 1985) (the element of "likely to be present" was satisfied when the homeowner was away on vacation but had given keys to a neighbor to check on the house periodically). *See also Cantin* at 813-814 (there was no objective likelihood that someone would be present in the home at the time of burglary because the homeowner had abruptly left town four

days before the incident and had not asked anyone to look after the house), and *State v. Blackmon*, 9th Dist. Summit No. 15099, 1992 Ohio App. LEXIS 56 (Jan. 2, 1992) (finding strong likelihood of someone being present where occupants were on vacation, but returned soon afterwards and had neighbor or relative taking care of house while away).

{¶ 22} Here, the victim and her family left for a trip to Alabama and did not return until after she learned her house had been burglarized. It is irrelevant that Goins knew the victim and her family were away on vacation. *Watkins,* 8th Dist. Cuyahoga No. 97783, 2012-Ohio-4279, at ¶ 14. Goins could still be convicted of a second-degree felony if there was evidence showing that, for example, the victim left the key to her residence with anyone or asked anyone to check on her residence while she and her family were gone. No such evidence to prove the element of "likely to be present," however, was presented by the state. Accordingly, there was insufficient evidence to support Goins's second-degree felony burglary as defined in R.C. 2911.12(A)(2). Indeed, the state concedes the error.

{¶ 23} While there was insufficient evidence to support Goins's guilt of a second-degree burglary, R.C. 2911.12(A)(3), which defines a third-degree felony burglary offense, does not include the element of presence, or likely presence. *State v. Brown*, 10th Dist. Franklin No. 05AP-601, 2006-Ohio-2307, ¶ 18. "Burglary under R.C. 2911.12(A)(3) is a lesser included offense of burglary under R.C. 2911.12(A)(2) because it contains all the elements of R.C. 2911.12(A)(2) except the presence or likely presence of another." *State v. Cole*, 8th Dist. Cuyahoga Nos.

103187, 103188, 103189, and 103190, 2016-Ohio-2936, ¶ 45, citing *State v. Butler*, 8th Dist. Cuyahoga No. 97649, 2012-Ohio-4152, ¶ 18. *See also State v. Ficklin*, 8th Dist. Cuyahoga No. 92228, 2009-Ohio-6103, ¶ 6 (burglary under R.C. 2911.12(A)(3) is a lesser included offense of burglary under R.C. 2911.12(A)(2)).

{¶ 24} Here, while the state failed to present evidence to support Goins's conviction of a second-degree felony burglary, the evidence it presented was sufficient to find him guilty of a third-degree felony burglary as defined in R.C. 2911.12(A)(3). The first assignment of error is sustained to the extent there was insufficient evidence to find Goins guilty of a second-degree felony of burglary offense.

**Manifest-Weight Claim**

{¶ 25} Under the second assignment of error, Goins argues his convictions of burglary and theft were against the manifest weight of the evidence, claiming the state relies heavily on Houze's testimony to link him to the burglary incident yet Houze was not believable as her account of the events was not consistent and she implicated Goins because she, as his former girlfriend, had an "axe to grind."

{¶ 26} While the state failed to present any physical evidence linking Goins to the burglary incident, such as a surveillance video or fingerprints, and Houze's testimony was admittedly fuzzy and incongruous at times, her testimony that Goins burglarized the victim's residence was collaborated by the victim, who testified that she recovered some of the stolen items with Houze's help, and also by a letter written by Goins in which he threatened Houze concerning the burglary incident.

{¶ 27} Weighing the evidence and all reasonable inferences and considering the credibility of witnesses, we do not find the trier of fact, in resolving any perceived conflicts in the evidence, clearly lost its way and created such a manifest miscarriage of justice in convicting Goins. The second assignment of error lacks merit.

**Modification of Judgment of Conviction**

{¶ 28} The trial court erred in entering a judgment of conviction for a second-degree felony burglary offense as defined in R.C. 2911.12(A)(2). "When the evidence shows that a defendant is not guilty of the degree of crime for which he was convicted, but is guilty of a lesser crime included therein, we may modify the verdict accordingly." *Brown*, 10th Dist. Franklin No. 05AP-601, 2006-Ohio-2307, at ¶ 18-19 (modifying a second-degree felony burglary to third-degree felony burglary), citing *State v. Frock*, 2d Dist. Clark No. 2004 CA 76, 2006-Ohio-1254, and *State v. Scott*, 4th Dist. Scioto No. 02CA2841, 2002-Ohio-7083. *See also State v. Grier*, 1st Dist. Hamilton No. C-110240, 2012-Ohio-330, ¶ 9. This court has also consistently held that we have the authority to modify a second-degree felony burglary offense to a third-degree felony burglary offense where the state presented evidence to prove all the elements of burglary under R.C. 2911.12(A)(2) except for the likely presence of another. *Cole*, *supra*, at ¶ 46; *State v. Richardson*, 8th Dist. Cuyahoga No. 100115, 2014-Ohio-2055, ¶ 25-26 (citing Crim.R. 33(A)(4)); *State v. Butler*, 8th Dist. Cuyahoga No. 97649, 2012-Ohio-4152, ¶ 18; and *State v. Rothrock*, 8th Dist. Cuyahoga No. 93602, 2010-Ohio-4102, ¶ 20.

**{¶ 29}** Consistent with the case-law authority, therefore, we remand the matter with instructions for the trial court to modify the judgment of conviction for a third-degree felony burglary offense and to resentence Goins accordingly.

**{¶ 30}** Judgment affirmed in part, reversed in part, and case remanded to the trial court for further proceedings consistent with this opinion.

It is ordered that appellant and appellee share the costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MICHELLE J. SHEEHAN, JUDGE

FRANK D. CELEBREZZE, JR., P.J., and
EMANUELLA D. GROVES, J., CONCUR